## Appeal of W. P. Orbison et al.

No appeal lies to this court from a taxation of costs by the common pleas.

(Argued May 9, 1888.    Decided May 21, 1888.)

July Term, 1888, No. 57, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Appeal from a decree of the Common Pleas of Bedford County, confirming an auditor's report in proceedings to tax costs. Quashed.

The facts were as follows:

September 15, 1884, the Bedford County Bank, which was the firm name of a partnership composed of the appellants, suspended business.   September 25, 1884, thirty-four suits were instituted by that number of creditors against the partners. The writs were placed in the hands of Sheriff Enfield, who served them on the 26th of September, 1884, and made the following return on each writ, to wit:

"September 26, 1884, writ served on S. L. Russell, J. M. Barndollar, J. B. Williams, J. W. Barndollar, E. J. Miller, Josiah Harris, and John DuBois by reading same to them, and giving each of them a true and attested copy thereof, and on W. P. Orbison, J. Scott, T. Fisher, W. Doris, G. W. Garretson, D. P. Gwin, H. G. Fisher, and J. H. Glazier, who do not reside in my bailiwick, but are engaged in business therein, at Everett, as partners under the firm name of Bedford County Bank, by reading writ to John DuBois, their cashier, agent or clerk, and giving him a true and attested copy thereof for each of said defendants, at their banking house in Everett, their usual place of business, and service of writ waived as to defendants Nycum and Zeth."

The sheriff charged for his fees on each writ, under the act of June 12, 1878, the sum of $10.22.

The defendants obtained a rule on the sheriff to itemize his bill of fees in the thirty-one cases.

On the 12th of April, 1886, the supreme court, in Morrison v. Bachert, 112 Pa. 322, 5 Atl. 739, declared the act of June

NOTE.—See also McCauley's Appeal, 86 Pa. 187, and Litz v. Kauffman, 4 Pa. Co. Ct. 329.

12, 1878, unconstitutional, and the sheriff on the 8th of June, 1886, moved the court to direct the prothonotary to tax the sheriff's costs under the fee bill of 1868. He claimed $14.71 in each case. The defendants objected, and the court appointed J. H. Jordon, Esq., auditor to find the facts and report an opinion as to the amount of costs the sheriff was entitled to in thirty-four cases, three writs having been issued in addition to the thirty-one above referred to. The auditor reported, fixing the sheriff's fees at $8.46 in each case, being $6.25 in each of the thirty-four cases less than the sheriff had charged, making in the aggregate the sum of $212.50, which the sheriff had illegally charged.

The fee bill of 1868 gives the sheriff for serving summonses $1, and, where there is more than one defendant, for each defendant besides the first, 50 cents. The auditor, although the only service on the defendants residing in Huntington county was the service on John DuBois, the cashier, allowed the sheriff $3, being 50 cents for each of six defendants in that county.

To this action of the auditor the defendants excepted; but the exception was overruled by the court; and that is the ground of the first assignment of error.

The auditor found that the sheriff, in charging for his fees the sum of $14.71 in each of the thirty-four cases, was illegally charging $6.25 too much in each case, $212.50 in all; and yet the auditor finds that the defendants should pay one half of the costs of the audit. To this finding of the auditor the defendants excepted, but the exception was overruled by the court; and that is the ground of the second assignment of error.

*John Cessna* and *Russell & Longenecker* for appellants.

*Frank Fletcher* for appellee.

PER CURIAM:
No appeal lies to this court from a taxation of costs by the common pleas. McCauley's Appeal, 86 Pa. 187.

In this case there was a reference to an auditor to ascertain the sheriff's costs for serving certain writs of summons. No judgment had been entered in any of the cases. The whole proceeding has a novel appearance, but as no appeal lies to this court, we are not called upon to express an opinion regarding it.

Appeal quashed, at the costs of the appellants.