# Estate of John Taylor.    Appeal of Margaret Richardson.

*Costs—Liability for—Taxation of—Discretion of court.*

It has been decided by the Supreme Court that by their judgment or decree the liability of a party to pay costs may be determined, but the several items thereof remain to be taxed by the court below. The appellate court will not review its action therein except in a flagrant case.

*Costs—Stenographer's charges—Act of May 24, 1887.*

A stenographer's compensation in a case before an auditor is not the subject of contract. It is such as shall be directed by the court and fixed by the auditor within the limitations prescribed by the act. When such compensation has been thus fixed by the auditor and approved by the court below and the exercise of its power has been discreetly used, the appellate court has no disposition to interfere even if it had the power.

Argued Dec. 8, 1896.  Appeal No. 52, Nov. T., 1896, by Margaret Richardson from decree of O. C:, Montgomery Co., Oct. T., 1895, No. 107, dismissing her exceptions and confirming the report of the auditor, appointed to distribute the balance in the hands of the administrators of John Taylor, deceased. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.,  Affirmed.

Exceptions to auditor's report.

Jacob A. Strassburger was appointed auditor to distribute the balance in the hands of J. F. Siegel et al., administrators c. t. a., of John Taylor, deceased; the auditor engaged Miss Margaret Richardson to report in shorthand the proceedings of the audit and to furnish four type-written transcripts thereof. The bill which was as follows: To reporting testimony at audit, 175 pp. (4 copies) at 50 cents per p. $87.50, copying 8 pp. at 14 cents per p., $1.12; total $88.62, was objected to by the creditors and the auditor found her charges excessive, awarded her $50.00 as full compensation, and reduced her compensation to that amount.  Exceptions were filed to this report of the auditor, which were dismissed by the court in an opinion by WEAND, J.

The claim of the stenographer in this case is governed by the sixth section of the act of May 24, 1887, P. L. 199.

This act allows an auditor to employ a stenographer "at the request of the parties," etc., and we will assume that such request was made, as the only contention is as to the amount of compensation which should properly be allowed.

The act further provides that "the compensation of the stenographer . . . . shall be such as the court may direct, together with such reasonable additional compensation as shall be fixed by said examiner and for extra services," etc.  This clearly implies that the court shall, by a general order, fix the compensation; otherwise, in every case after the services were ended, the matter would have to be referred to the court and then .recommitted to the examiner or auditor before a report or distribution could be made.  This court has made no such order, and hence the claimant has no standing except for what the auditor might allow her.  We can only treat the allowance made by the auditor as "for extra services or time not otherwise

provided for," and of this amount he is made the arbiter, subject, of course, to correction, if based upon erroneous findings as to time, services, etc.

The auditor appears to have given the subject his careful attention and allowed the claimant what he supposed the court would have allowed her in full, and after hearing the depositions in support of the claim after exceptions filed, he renews his opinion that his allowance was correct. He must necessarily have had better opportunities of coming to a correct conclusion than we can, and we ought, therefore, to adopt his findings.

And now, February 19, 1896, the exceptions are dismissed and the report of the auditor is confirmed.

And now, March 11, 1896, the claimant, Margaret Richardson, excepts to the decree of the court overruling her exceptions to the auditor's report. And bill sealed.

*Errors assigned* were, (1–5) dismissing the exceptions to the auditor's report and in confirming the same.

*Irvin P. Knipe*, of *Wanger & Knipe*, for appellant.—Appellant was entitled to a hearing before judgment: Franklin's Appeal, 163 Pa. 1.

*J. P. Hale Jenkins*, with him *N. H. Larzelere* and *M. M. Gibson* for appellee.—The act of 1887, P. L. 199 expressly governs this case. There is no provision for an appeal from the decision of the court of common pleas to the Supreme Court, and as the whole system is statutory no appellate court can assume jurisdiction of such an appeal without express statutory authority: Gangewere's Appeal, 61 Pa. 342; Thomas v. Upper Merion Township, 148 Pa. 116.

OPINION BY BEAVER, J., January 18, 1897:

In Miskey's Appeal, 18 W. N. C. 100, our Supreme Court says: "By our judgment or decree the liability of a party to pay costs may be determined, but the several items thereof remain to be taxed by the court below. We will not review its action therein, except in a flagrant case." The application of this declaration might be decisive in the present case, but we do not wish to rest our decision upon this ground alone.

The authority for the employment of stenographers before an examiner, master, referee, commissioner or auditor is contained in the act of the 24th of May, 1887, P. L. 199, under the provisions of which the mode of fixing their compensation and the authority for determining it are expressly pointed out. The sixth section of said act provides : " The compensation of the stenographer appointed under this section shall be such as the court may direct, together with such reasonable additional compensation as shall be fixed by said examiner, master, referee, commissioner or auditor for extra services or time not otherwise provided for, and together also with all traveling and hotel expenses that may be reasonably incurred by said stenographer in pursuance of such employment in such suit, action or proceeding, all which compensation and expenses shall be taxed and recoverable as part of the costs in the suit, action or proceeding." It will be observed that the compensation is to be fixed by the court and auditor and that, when fixed, it shall be a part of the costs. In this case the compensation has been fixed by the auditor and approved by the court below. With the exercise of this power discreetly used in the present case we have no disposition to interfere, even if we had the power. A stenographer's compensation in a case like the present is not the subject of contract. It is such as shall be directed by the court and fixed by the auditor within the limitations prescribed by the act. We are satisfied that this has been properly done in this case, and the decree of the court is, therefore, affirmed and the appeal dismissed at the costs of the appellant.