## Kelly's Impeachment.

*Justice of the peace—Alderman—Costs—Serving subpœnas—Mileage—
Impeachment proceedings.*

A justice of the peace who serves his own subpœnas in impeachment proceedings instituted against himself under the Act of January 14, 1804, 4 Sm. L. 107, is not entitled to fees for mileage and serving subpœnas.

*Appeals—Impeachment proceedings—Taxing costs.*

· No appeal lies from an order of a judge taxing costs in impeachment proceedings against a justice of the peace instituted under the Act of January 14, 1804, 4 Sm. L. 107.    All that the certiorari takes up is the record proper. ·

Argued Jan. 17, 1901.. Appeal, No. 10, Jan. T., 1901, by John P. Kelly, from order of C. P. Lackawanna Co., Nov. T., 1898, No. 302, taxing costs in In re Impeachment of John P. Kelly, Alderman.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Exceptions to bill of costs.

From the record it appeared that on October 8, 1898, proceedings were instituted in the court of common pleas under the act of January 14, 1804, for impeachment against John P. Kelly, an alderman of the eighteenth ward of the city of Scranton.  After a demurrer to the petition had been overruled the court appointed a commissioner to take testimony.    The respondent served his own subpœnas.    After the testimony was closed the proceedings were certified to the secretary of the commonwealth.  · The impeachment proceedings were not prosecuted in the legislature, the judiciary general committee of the senate reporting in favor of the respondent.    The costs were subsequently taxed so as to include fees for mileage and serving subpœnas by the respondent himself.    The court sustained the exceptions to the taxation of costs, and disallowed the fees for mileage and serving subpœnas to the respondent, ARCHBALD, P. J., filing an opinion, which was in part as follows:

The respondent subpœnaed his own witnesses and also claims $91.20 for services and mileage on that account.    This, in our judgment, cannot be sustained.    He was no doubt entitled to compulsory process to get his witnesses in, but by the act such

process is to issue to a constable, the same as the summons on the justice or alderman by which the proceedings are instituted; and it is the constable serving such process, and none other, to whom fees are allowed for doing so.   These are made the same as those to which he is entitled for a " similar service under a legal process from a justice of the peace," and it is only " the costs upon each process served by the constable," as certified by the judge who heard the case, that are to be paid by the county.       -

It is no doubt true, that, in a suit between ordinary parties, the right of either to serve his own subpœnas, and, if success-ful in the suit, to collect from the other party, as part of the costs, the fees for so doing, has been sustained: Wadlinger on Costs, sec. 160.   This is based on long established practice, however, rather than any legitimate interpretation of the stat-utes, and, even then, it has not passed unchallenged: Bonnell v. Lance, 17 W. N. C. 476.   We are now asked to extend it by judicial construction to proceedings of the character of those before us, where the subject of them has served his own sub-pœnas, and seeks to charge, not his opponents, but the county, with the expense.   All statutes, by which it is sought to charge the county with costs, are, admittedly, to receive a strict con-struction, and we think it is proper to apply that rule here. The liability of the county, under the present act, is to the con-stable employed to execute the process issued by the presiding judge, and to the witnesses whom he has summoned thereon; it is not to the parties, either complainant or respondent, who, if they undertake to make the service for themselves, must do it gratuitously.   This part of the bill is, therefore, disallowed.

*Error assigned* was the order of the court.

*W. W. Baylor*, for appellant.—It has been held to be the universal custom, from time immemorial in this state, in a large number of adjudicated cases, that where a party to a suit serves his own subpœnas, or employs a private person to do so for him, he is entitled to be allowed the legal fees for so doing: Patterson v. Anderson, 1 Pa. C. C. Rep. 86; Lyon v. Marshall, 1 Pa. C. C. Rep. 90; Peterson v. Williams, 1 Pa. C. C. Rep. 93; Youngs v. Harold, 14 Pa. C. C. Rep. 525; Venom v.

Closser, 14 Pa. C. C. Rep. 521; Elliott v. Mutual Fire Insurance Co., 1 Pa. Dist. Rep. 546; Carroll v. Petry, 15 W. N. C. 416; Munyan v. Jones, 21 W. N. C. 465; Ruddach v. Reichenbach, 20 W. N. C. 316; Triebel v. Deysher, 2 Woodward, 55; Harnish v. Mowrer, 1 Lanc Law Rev. 17; Lightner v. Houser et al., 2 Lanc Law Rev. 103.

*H. L. Taylor*, county solicitor, for appellee.—The courts will not impute to the legislature an intent to make the county liable for costs where it is not so expressed in act: Franklin Co. v. Conrad, 36 Pa. 318; Huntingdon Co. v. Commonwealth, 72 Pa. 80; Crawford Co. v. Barr, 92 Pa. 359; Wayne Co. v. Waller, 90 Pa. 99.

The liability of county for costs depends entirely upon some act of assembly authorizing the payment of the same: Berks Co. v. Pile, 18 Pa. 493; Schwamble v. Sheriff, 22 Pa. 18.

We know of no law in Pennsylvania making county liable to defendants or their witnesses, or the officers or the parties subpœnaing them, for fees in any criminal case. It was decided in the Contested Election of McCullough, 12 Phila. 576, that the fee bill of 1874 does not provide for the payment, of costs for subpœnaing witnesses, to any person, except the sheriff or constable.

PER CURIAM, July 25, 1901:

The 2d section of the Act of January 14, 1804, 4 Sm. L. 107, entitled "An act directing the mode of taking testimony in cases of complaint against justices of the peace," provides that the judge conducting the examination shall certify to the county commissioners, amongst other things, "the account of the costs upon each process served by the constable." The act does not declare it to be his duty to certify to the correctness of the respondent's bill for serving process. The duty is defined by the statute imposing it, and we are not convinced that the learned judge erred in holding that it is not to be enlarged by judicial construction. Moreover, no appeal (using that term in the sense ascribed to it prior to the act of 1887), lies from the refusal of the judge to approve such bill. All that the certiorari brings up for review is the record proper, and if no error of law is apparent therein, it would seem, following de-

cisions in analogous. cases, that we cannot reverse his ruling and compel him to approve the bill. See McCauley's Appeal, 86 Pa. 187, and Litz v. Kauffman, 4 Pa. C. C. Rep. 329. The cases cited by the appellant's counsel do not rule either of the points above suggested. Finding no error upon the record, the order is affirmed.