# Hartley *v.* Weideman, Appellant.

*Appeals—Taxation of costs—Record.*

An appellate court will not review a taxation of costs by the common pleas where the adjudication complained of relates to the number and materiality of the witnesses in attendance, the length of time they were in attendance, the number of miles traveled by them, or by the officer, or other person serving the subpœna, and similar matters of fact.   These matters cannot be considered because the evidence upon which they are based is not brought up with the record.   Errors of law, however, apparent on the face of the record will be reviewed.

*Costs—Taxation of costs—Affidavit—Burden of proof.*

Where the affidavit to a bill of costs, taxed without notice to the opposite party, is not made by the party filing it or his attorney, or by some person having such relation to the case that it may be presumed that he had knowledge of the essential facts, it ought to show affirmatively the source of the knowledge of the affiant in order to cast on the exceptant the burden of proving its inaccuracy.

*Practice, C. P.—Rules of court—Construction.*

Every court is the best judge of its own rules and the practice under them, and its decision as to its meaning, although made by a judge specially presiding, will not be reversed except for manifest error.

Argued Jan. 16, 1905. Appeal, No. 20, Jan. T., 1905, by Porter Weideman and G. W. Weideman, from order of C. P. Susquehanna Co., Aug. T., 1887, No. 246, sustaining exception to re-taxation of costs in case of Silas Hartley v. G. W. Weidman, Assigned to Porter Weideman. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to re-taxation of costs.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in sustaining exceptions to re-taxation of costs.

*T. J. Davies*, for appellants.—Where exceptions are filed to the taxation of costs, as contained in the bill filed, the exceptions must be sustained by proof: Wadlinger on Costs, page 61 ; Evans v. Hart, 10 Lanc. Bar. 77 ; Patterson v. Anderson, 1 Pa. C. C. Rep. 86 ; Richardson v. Cassilly, 5 Watts, 449.

It is further contended that the filing of plaintiff's objection under oath, to said bill, did not impeach it, or shift the burden from the exceptant and relieve him from sustaining his exceptions by proper proof: DeBenneville v. DeBenneville, 1 Binn. 46 ; DeBenneville v. DeBenneville, 3 Yeates, 558.

Where it is shown that witnesses were in attendance in court, and no proof of their being subpœnaed, if prothonotary was satisfied the witnesses were in attendance, the court should not interfere with his finding: Dahman v. Quinn, 5 W. N. C. 449.

The appellate court should not quash an appeal, when it is manifest that the lower court has not been governed by equitable principles, nor by judicial discretion: Aber's Petition, 18 Pa. Superior Ct. 110 ; Brooke's Est., 24 Pa. Superior Ct. 430 ; Black's App., 106 Pa. 344; Wayne Boro., 12 Pa. Superior Ct. 372 ; Peterson v. R. R. Co., 177 Pa. 335 ; Sloan v. Jones, 13 Pa. Superior Ct. 399.

*A. B. Smith,* of *McCollum & Smith,* for appellee.—No appeal lies to the Supreme Court from the taxation of costs by the court of common pleas: McCauley's App., 86 Pa. 187 ; Orbison's App. 22 W. N. C. 116 ; Miskey's App., 18 W. N. C. 100 ; McGibbeny v. Gas Co., 139 Pa. 193 ; Taylor's Estate, 3 Pa. Superior Ct. 275.

That court is the best exponent of such rule and the appellate court will not reverse except for a construction manifestly erroneous, injurious, and material error was committed is decided : Webster v. Coal & Coke Co., 201 Pa. 278 ; Shannon v. Castner, 21 Pa. Superior Ct. 294.

That liability for the payment of a party's bill of costs accrues only after a prior adjudication and decree of their correctness is established by the cases: Irwin v. Hanthom, 5 Pa. Dist. Rep. 671; Wadlinger on Costs, 60, sec. 5 ; Bouv. Law Dic. " Taxation of Costs."

Under Pennsylvania practice this is done by the prothonotary and becomes a charge only when regularly adjudicated : Harger v. Commrs. of Washington County, 12 Pa. 251; Richardson v. Cassilly, 5 Watts, 449.

OPINION BY RICE, P. J., April 17, 1905 :

This is an appeal from an order of the court of common pleas sustaining, in part, exceptions to the report and findings of the prothonotary upon a retaxation of costs. In McCauley's Appeal, 86 Pa. 187, the Supreme Court held as follows: " No appeal lies from a taxation of costs by the court of common pleas to this court. A writ of error reaches only the record, and errors apparent on the record only can be corrected. The materiality of witnesses in a trial before a jury depends on facts known to the court below, whose discretion in the allowance of fees to the witnesses cannot be examined without the evidence,

which is not brought up either by appeal or certiorari.'' This
ruling was followed by the Supreme Court in Litz v. Kauffman,
4 Pa. C. C. Reps. 329 ; in Miskey's Appeal, 1 Sadler, 407 ; 18
W. N. C. 100 ; in Orbison's Appeal, 10 Sadler, 494 ; and by our
court in Kelly's Impeachment, 17 Pa. Superior Ct. 344 ; see
also, Taylor's Est., 3 Pa. Superior Ct. 275.    These decisions do
not apply to a case where the record shows error of law, as for
example an apportionment of the costs between the parties in
a case where by law the costs follow the verdict and judgment :
Black's Appeal, 106 Pa. 344 ; or where the bill as taxed contains
items not authorized by law : Barnet v. Ihrie, 1 Rawle, 44 ; or
where there is no law authorizing the imposition of costs upon
either the successful or the unsuccessful parties to the litigation :
Wayne Borough Incorporation, 12 Pa. Superior Ct. 372 ; see
also, Grubbs' Appeal, 82 Pa. 23, at p. 31.    Where, however,
the adjudication complained of relates to the number and materi-
ality of the witnesses in attendance, the length of time they
were in attendance, the number of miles traveled by them or
by the officer or other person serving the subpœna, and similar
matters of fact, it is ordinarily conclusive and not reviewable
on appeal, for the obvious reason that the evidence upon which
it was based is not brought up with the record.    But it is
claimed, and with great force, that where the adjudication itself
shows that the judge proceeded upon a wrong theory as to the
burden of proof, the error is one of law, which the appellate court
ought to correct by sending the case back for a proper hearing.
Is this such a case ?    The learned judge below held that upon
retaxation before the prothonotary and appeal from his decision
the burden of proving the charges for attendance and subpœna-
ing of witnesses, if controverted by exceptions duly sworn to,
rests on the proponent of the bill; but that the burden of proving
that the witnesses, though present in court, were not needed
and were subpœnaed to oppress the opposite party rests on
the exceptant.    The first branch of this proposition is what
the appellant complains of.    His counsel contends that, as
he had complied with the rule of court by filing his witness
bill under oath, and having it taxed by the prothonotary, it
was prima facie evidence of its accuracy until it was impeached
by evidence adduced in support of the exceptions ; and this too
although it was taxed without notice to the opposite party.

The rule of court reads as follows : " Bills of costs accompanied by an affidavit of their correctness, and the necessity for the number of witnesses in attendance, shall be taxed by the prothonotary unless manifest error in law or in fact appear in them." The succeeding rules provide for retaxation upon exceptions filed and for an appeal from the prothonotary's decision, but say nothing as to the burden of proof. Every court is the best judge of its own rules and the practice under them and its decision as to their meaning, although made by a judge specially presiding, will not be reversed except for manifest error. But granting, for the sake of the argument only, that ordinarily an ex parte affidavit attached to a bill of costs which is taxed without notice to the opposite party, is prima facie evidence of its accuracy, and that upon retaxation and appeal therefrom the burden of proving its accuracy is cast on the exceptant, we think the ruling of the learned judge as applied to this case was right. The affidavit was not made by the party filing the bill, nor by his attorney, nor by any person who may be presumed to have had knowledge of all the essential facts. It was made by a witness who stated : " that he was present as a witness at every trial and continuance of the suit . . . . and that he has full knowledge of what witnesses were present, and the length of time they were in attendance at each trial and continuance, and has a better knowledge than G. W. Weidman who was not present at every trial and continuance." It will be noticed that while he was careful to state the source of his knowledge as to the number and attendance of witnesses, he omitted to state that he had any personal knowledge as to their materiality or as to the number of miles traveled by them or by the officer or other person serving the subpœnas. These essential matters are supposed to be covered by the general averment that the bill " is correct and that the witnesses were in attendance and necessary." Even though it be conceded that the general rule is as claimed by appellant's counsel, we are of opinion that where the affidavit to a bill of costs, taxed without notice to the opposite party, is not made by the party filing it or his attorney or some person having such relation to the case that it may be presumed that he had knowledge of the essential facts, it ought to show affirmatively the source of the knowledge of the affiant in order to cast on the exceptant the burden of proving its inaccuracy. While not as-

senting to everything that is contained in the opinion of the learned judge specially presiding, we find no error in his adjudication which would justify a reversal.

The final order of the court upon the appeal from the prothonotary's retaxation of costs is affirmed.