## Commonwealth, Appellant, *v.* Mitchell.

*Costs—Criminal law—Taxation of costs—Appeals—Record—Evidence.*

An appellate court will not review a taxation of costs by the common pleas where the adjudication complained of relates to the number and materiality of the witnesses in attendance, length of time they were in attendance, the number of miles traveled by them, or by the officer or other person serving the subpœna, and similar matters of facts. These matters cannot be considered because the evidence upon which they are based is not brought up with the record. Errors of law, however, apparent on the face of the record will be reviewed. The same rule applies to an appeal from the taxation of costs by the quarter sessions.

Where, in a criminal case, the commonwealth pays costs which are wholly unauthorized by law, and the prisoner has no opportunity to object until the costs are taxed against him at the end of his term of imprisonment, he is not estopped from objecting to the illegal costs taxed against him.

Argued March 6, 1907.   Appeal, No. 1, March T., 1907, by plaintiff, from order of Q. S. Lycoming Co., Dec. T., 1906, No. 67, sustaining exceptions to taxation of costs in case of Commonwealth v. Robert Mitchell.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Exceptions to taxation of costs.

HART, P. J., filed the following opinion:

The questions here raised come before us on an appeal from the taxation of costs by the clerk of this court.

We do not agree with the contention of the county solicitor, that a defendant is bound by bill of witness' costs as certified by the district attorney, and that he is precluded from questioning the correctness of the same after the county has paid the witness' costs thus certified, in the absence of evidence that the defendant had a knowledge of the amount thereof or waived objections thereto before the same was paid by the county.

The defendant in this case was sentenced to imprisonment in the county jail for a period of six months, and to pay a fine

and the costs of prosecution, and was, as usual in such cases, immediately upon being sentenced, conducted by the sheriff to the county jail, and, therefore, had no opportunity of examining the bill of costs after sentence was pronounced.

The costs when paid by a defendant are usually, if not universally, paid at the end of the term of imprisonment, and then usually is the first opportunity a prisoner has of learning the amount of costs he is expected to pay.

To say, therefore, that a prisoner cannot, at his first opportunity, dispute a bill of costs which he is required to pay in order to secure his discharge from imprisonment, would, it seems to us, be too manifestly unjust to be tolerated in a court of justice; and, whilst the certificate of the district attorney was a justification to the county to pay the costs of the witnesses, yet where manifest error is shown, this certificate cannot preclude inquiry into its correctness when otherwise manifest injustice and wrong would result to a defendant who has not had his opportunity to examine into its correctness until he is called upon to pay the same.

We find from the facts as found by the clerk of court, George Gates, a witness, is credited with five days' attendance at court at $1.00 per day, and was paid $5.00, when in fact he was in attendance but one day and is entitled to but $1.00.

That H. C. Kellenbach, a witness, is credited, and was paid $5.00 for five days' attendance at court, when he was in fact in attendance but four days and entitled to but $4.00.

That George Steigleman, a witness, is credited with being in attendance at court six days and was paid $6.50, when in fact he was in attendance but three days and entitled to but $3.50.

That Clarence Zechman, a witness, is credited with six days' attendance at court and was paid $6.50, when he was in fact in attendance but three days and entitled to but $3.50.

That Curt Weigand, a witness, is credited with being in attendance three days, and with 424 miles travel, and was paid $15.72, when in fact this witness was not in attendance at all and had been excused from attendance and was entitled to no part of said $15.72.

This makes in all the sum of $26.72 paid for witness' fees and mileage wholly unauthorized by law so far as this defendant is concerned.

345, (1907).] Opinion of Court below—Opinion of the Court.

We sustain the exceptions to the taxation of costs so far as the items above referred to are concerned, and direct that the same be deducted from the commonwealth's bill of costs, as affecting the defendant, and that he be allowed a credit to that amount on the judgment entered against him.

The other exceptions to the taxation of such costs are overruled.

*Error assigned* was in sustaining exceptions to adjudication.

*J. F. Strieby*, for appellant.

. *Otto G. Kaupp*, for appellee, cited: McCauley's App., 86 Pa. 187; Harger v. Commissioners of Washington County, 12 Pa. 251; Kunkle's Est., 21 Pa. Superior Ct. 200; Webster v. Coal & Coke Co., 201 Pa. 278.

PER CURIAM, April 15, 1907:

An appellate court will not review a taxation of costs by the common pleas where the adjudication complained of relates to the number and materiality of the witnesses in attendance, length of time they were in attendance, the number of miles traveled by them, or by the officer or other person serving the subpœna, and similar matters of facts. These matters cannot be considered because the evidence upon which they are based is not brought up with the record. Errors of law, however, apparent on the face of the record will be reviewed : Hartley v. Weideman, 28 Pa. Superior Ct. 50. The same rule applies to an appeal from the taxation of costs by the quarter sessions. It is not claimed that as to these matters the ruling of the court below can be reviewed, but an elaborate argument is made to show that the court committed error of law, which is apparent upon the face of the adjudication, in not holding, in effect, that the defendant was estopped from questioning the bill of costs in the particulars referred to in the adjudication. This contention is based on the fact that the county began paying the witnesses on the third day after the defendant was sent to prison, and that the defendant had not excepted to the bill of costs prior to that time. If this contention of the county prevails it will be enabled to obtain reimbursement

from the defendant of the amount of illegal costs that it paid. Thus, although the defendant was sentenced to pay, inter alia, legal costs only, he will be compelled to pay costs which are admittedly illegal.   To state the question is to answer it, and we need add nothing further to what the learned president judge of the court below has said upon the subject.   Even if it be conceded for the sake of the argument that the question is one of law arising upon the adjudication, the appeal is without merit.

The order is affirmed at the cost of the appellant.