## Patton's Election.

*Election law—Contest—Expenses—Act of April 28, 1899, P. L. 118.*
The petitioners in an election contest which has proven unsuccessful cannot be charged with costs for collecting old ballot boxes and furnishing new ones, for stenographer's fees, and for the fees of various court officers, such as cryers, tipstaves and pages.

Argued May 8, 1911. Appeal, No. 82, April T., 1911, by Armstrong Co., from order of C. P. Armstrong Co., specially constituted, March T., 1910, No. 157, sustaining exceptions to appeal from taxation of costs in the Matter of the Election of Willis D. Patton, President Judge of the Thirty-Third Judicial District. Before RICE, P. J.,

HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from taxation of costs.

GALBREATH, P. J., TELFORD, P. J., and WILSON, P. J., specially constituting the court, delivered the following opinion:

The petitioners have appealed from the taxation of costs, as made by the prothonotary, and have filed six specifications. The first specification raises the question of the authority to tax, as costs against the petitioners, the bill of Chambers Frick and Clifford A. Reed for expenses and compensation for the collection of the old and delivery of the new ballot boxes. No statute has been cited by counsel for the appellee making an item of this kind a part of the costs to be taxed in a case against the losing party. Neither a county or a losing party is liable for costs, in the absence of a statute imposing such liability. When the emergency order was made directing Chambers Frick and Clifford A. Reed to collect the old and deliver the new ballot boxes, the spring election in February, 1910, was approaching, at which time under the law the old ballot boxes would have been emptied and all the ballots cast in the judicial election in November, 1909, destroyed.

It appearing to the court on the presentation and hearing of the petition of Judge Willis D. Patton, that it was necessary to preserve all of these ballot boxes and contents, to be used as evidence in the future hearing of the case, the court, acting under the precedent established by the court of common pleas of Schuylkill county, In Re Contested Election of Judge Dunn, an order was made. This expense was contracted under the incidental powers of the court, not as a part of the costs of the case, but as a necessary expense of the court in order to carry out the purposes for which it was commissioned.

Chambers Frick and Clifford A. Reed, acting under the order of the court, would be entitled to recover their ex-

penses and compensation, the same as an interpreter at a jury trial who is called in to translate the testimony of witnesses who speak a foreign language.

The bill of Chambers Frick and Clifford A. Reed is presented for the sum of $325. It is not itemized to show how much was for the collection of the old ballot boxes or the delivering of the new ones. In no event would the petitioners be liable for the expenses and compensation of Messrs. Frick and Reed in delivering the new ballot boxes. The execution of the order of the court, directing the collection of the old ballot boxes, and depositing them in a room in the county jail, for preservation for future use as evidence, if necessary, placed the county of Armstrong in such a position, that it would be the duty of the county commissioners to procure and deliver to the respective election precincts, a set of new ballot boxes, independent of any order of the court to that effect, and, therefore, that part of the order of the court, directing the delivery of the new ballot boxes, so far as this case is concerned, may be treated as superfluous.

No exception has been taken by the petitioners to the taxation, by the prothonotary, of the fees or costs due to Sheriff Shaner, Prothonotary McFarland, to the attorney fees of $3.00 in this court, and $4.00 in the Supreme Court, or the printing of one of the paper-books by the respondent on the appeal, and therefore they may properly be taxed as costs.

The motion to quash the appeal was not sustained by the Supreme Court, and therefore the petitioners are not liable, under the rules of court or the act of assembly, for the printing of the motion or paper-book by the appellee on his motion to quash.

Under the Act of May 19, 1874, P. L. 208, in reference to contested elections of a judge, the court composed of the three judges from the adjoining districts, is commissioned and organized as the court of common pleas of the county where the contest is to be heard, and sits, in this instance, as the court of common pleas of Armstrong

county. No statute has been cited that the general or incidental expenses of holding this court, such as the compensation of the court crier, tipstaves, page and stenographer, shall be taxed as costs to be paid by the losing party. In the absence of such a statute, such items as these, as referred to in the third, fifth and sixth specifications, would be part of the general and incidental expenses of holding said court of common pleas of Armstrong county, and should be paid by the said county in the same way as the same items are paid for, in holding the regular and usual sessions of the courts of that county. The county of Armstrong is liable for all necessary expenses of the court of common pleas of said county, but is not liable for any statutory costs: In Re Court Officers, 3 Pa. Dist Rep. 196; McCalmont v. Allegheny County, 29 Pa. 417; Union Township v. Gibboney, 94 Pa. 534; Allegheny County v. Watt, 3 Pa. 462; Commissioners v. Hall, 7 Watts, 290; Rosenthal v. Luzerne County, 11 Kulp. 183; Act of April 16, 1834, sec. 78, P. L. 333.

The bill of J. D. Daugherty, amounting to $60.30, is reasonable for the services rendered. It has been approved and should be paid by the county as part of the general expense of holding the courts of the county. The general Act of assembly of May 1, 1907, P. L. 135, relating to the appointment of stenographers and their compensation, provides that all of the compensation for services such as were rendered in this case, shall be paid by the county. Section 10 of the Act of May 19, 1874, P. L. 208, authorizes the court to appoint phonographic reporters to take the testimony and may order printed such matters as may be necessary during the trial; all bills for such reports and printing shall be a part of the costs and collectible as the other costs in the case. In the third and fourth classes the price to be paid for such reporting shall be fixed in the order providing therefor and no more shall be paid in any such case.

In the present instance there was no testimony to take and no trial, as the petitioners failed to file the required

bond, and therefore the services rendered by the official stenographer would not come under this section of the act of 1874, to be taxed as part of the costs to be paid by the petitioners, but would come under the provisions of the Act of May 24, 1887, P. L. 199, and the charges for his services would be paid as part of the general expenses of conducting the business of the court of common pleas of Armstrong county, by the county. Even if any part of his bill would come within the provisions of the aforesaid sec. 10, of the act of 1874, to be taxed as part of the costs, the full amount of his bill, approved by the court, should be paid by the county commissioners under the aforesaid act of 1887, and as between the county and the petitioners, the county would be entitled to have taxed as part of the costs, to be paid by the petitioners, for the part of the services rendered which would come under the aforesaid sec. 10. The bill of the stenographer as filed of record does not show that any part of it, either for reporting or printing, would come under this sec. 10.

Even if the county would be entitled to have taxed as part of the costs the $5.50 for writing out in longhand the record to be printed in the appellee's paper-book for the hearing in the Supreme Court, the stenographer, under the aforesaid act of 1907, would be entitled to recover from the county, the full amount of his bill.

No statute has been cited to show that the item of $310.45, for the purchase of new ballot boxes, is authorized to be taxed as costs in the case, to be paid by the petitioners. This is an item which should be paid by Armstrong county to the manufacturer who sold the boxes to the county on their order, as a part of the incidental expenses incurred in connection with this contest.

The time has passed, under the law, for the election officers to destroy the ballots cast in the judicial election of 1909, and now in the old boxes. When the old boxes are released from custody, it will be for the county commissioners to determine, whether the new or the old boxes shall be used in future elections.

The Supreme Court having affirmed the decision of this court dismissing the petition, the necessity for preserving the old ballot boxes and their contents no longer exists, and therefore an order will be made releasing the old boxes from custody.

On February 19, 1910, Chambers Frick and Clifford A. Reed presented a petition, praying that the court approve their bill to the amount of $325, for collecting the old and delivering the new ballot boxes, as hereinbefore stated, and directing that the county of Armstrong pay the same; thereupon the said bill was approved by this court and directed to be paid.

W. L. Peart, Esq., presented the petition of three of the petitioners for the contest, represented by him, praying that they be released from liability for costs from and after the date of presenting their petition. From the specifications offered on this argument, it does not appear what portion of these costs were incurred before the presentation of the petition of Mr. Peart's clients, and there is nothing to show the exact extent of their liability. As it appears at present, there is little probability that these parties will be called upon for the payment of any of these costs. However, the petition presented by them was proper and their respective rights will be protected in the order or decree filed.

And now, September 12, 1910, after argument, the first, second, third, fourth, fifth and sixth specifications of appeal from the taxation of costs by the prothonotary made June 10, 1910, are sustained.

Clarence E. Knepshield, John E. Knepshield and J. D. Mann, petitioners who presented their petition praying to be released from liability for future costs, are hereby released from liability for costs accruing after the date of the filing of their said petition, to wit, February 9, 1910, as in their petition prayed for.

The ballot boxes impounded under the order of this court, are hereby released from custody, control and keeping of Chambers Frick, Clifford A. Reed and the sheriff of

Armstrong county, and the said custodians named are directed to deliver unto the commissioners of Armstrong county, the keys to the lock for the place where said ballot boxes are now deposited.

*Error assigned* was the order of the court.

*E. O. Golden,* for appellant.—The petitioners were liable: Thirty-eighth Ward Election, 35 Pa. Superior Ct. 256; Foy's Election, 228 Pa. 14; Persch v. Quiggle, 57 Pa. 247; Harrison v. Armstrong County, 3 Pennypacker, 95; Dougherty v. Cumberland County, 28 Pa. Superior Ct. 610; Gressang's Contested Election, 5 Pa. C. C. Rep. 251; Gibson v. Cummings, 25 Pa. 231; Janes's App., 87 Pa. 428.

*W. A. McAdoo,* for appellee.—Costs are entirely matters of statutory enactment, and a party claiming costs from the adverse party must be able to point to some statute giving them: Barnhart v. Wenger, 1 Lanc. Bar, No. 12; Bressler's Petition, 6 Pa. Dist. Rep. 656; Hotchkiss v. Harvey, 25 Pa. C. C. Rep. 80; Com. v. Meyer, 170 Pa. 380; Maxwell v. Ludwick Boro., 7 Pa. Dist. Rep. 523; Winton's App., 87 Pa. 77; Hoover v. Union Twp. School Dist., 4 Pa. C. C. Rep. 520; Caldwell v. Miller, 46 Pa. 233.

PER CURIAM, July 13, 1911:

This case arose out of the contest of the election of the Honorable Willis D. Patton to the office of president judge of the thirty-third judicial district composed of the county of Armstrong. The contest having been terminated by a dismissal of the proceeding (see 228 Pa. 448), the petitioners became jointly and severally liable for the costs: Act of April 28, 1899, sec. 1, P. L. 118. At the instance of the respondent in the proceeding, and upon notice to counsel for the petitioners, the prothonotary taxed as costs the sum of $800.68, and from that taxation the petitioners appealed and filed six specifications of items to which they objected. After argument, the three presi-

dent judges, composing the court for the hearing and determining of the contest, made a decree or order, which, so far as material here, reads as follows: "And now, September 12, 1910, after argument, the first, second, third, fourth, fifth and sixth specifications of appeal from the taxation of costs by the prothonotary made June 10, 1910, are sustained." From this decree the county of Armstrong took the present appeal.

The only matter adjudicated by this decree was that the several items covered by the specifications were not costs for which the petitioners were liable, within the true intent and meaning of the act of 1899, and this has been so well shown in the opinion filed in connection with the decree, that we do not deem it necessary to go over the ground again. The only item that we entertain doubt about is the bill of Frick and Reed of $325 for collecting the old ballot boxes, under the order of court, and delivering the new ones procured to take their place. Certainly their charge for delivering new ballot boxes was not part of the taxable costs, and, as the charge was not itemized so as to enable the court to determine what part of it was for collecting the old ballot boxes, the court committed no error in rejecting it.

It is true that, in the discussion of the questions raised by the specifications of error, the court expressed the opinion that some of the items—e. g., the pay of court cryer, tipstaves, page, and stenographer, the cost of new ballot boxes bought to take the place of those that had been impounded, and the bill of Frick and Reed, so far as it included their demand for delivering the new boxes to the several election districts—are properly payable by the county, and we are of opinion that this is the correct view. But whether correct or not, it being very clear that they are not chargeable against the petitioners as part of the costs of the case, the decree was correct, which is all that is brought up for review and correction on this appeal. See Hartley v. Weideman, 28 Pa. Superior Ct. 50, and cases there cited. This conclusion renders it unnecessary to

discuss in detail the seventeen specifications of error and the eight reasons assigned in support of the motion to quash the appeal. In any legitimate view that may be taken of the case, the county has no just cause to complain of the action of the court in sustaining the six specifications of objection to the prothonotary's taxation.

The decree is affirmed and the appeal dismissed at the costs of the appellant.