## Forest City Borough Election.

*Gerritt E. Gardner,* for Susquehanna County.

*E. L. Dacies,* for sheriff; *E. P. Little,* for petitioners.

SEARLE, P. J., 22nd judicial district, specially presiding, May 10, 1928.— After the primary election for Judge of Susquehanna County, held on Sept. 10, 1927, four petitions were presented to the Court of Common Pleas of Susquehanna County under the 1st section of the Act of April 23, 1927, P. L. 360, alleging, *inter alia:*

"2. That upon information which we consider reliable, we believe that fraud, although not manifest on the general return of votes made therefrom for the primary election held on Sept. 20, 1927, in and for the said district as aforesaid, was committed in the computation of the vote cast in the said election district, to wit, 2nd District of the 1st Ward in and for the Borough of Forest City as aforesaid, and in the marking of the ballots for the said election, and especially in the computation of the vote cast for the office of Judge of the Courts of Susquehanna County on the Republican primary ballot.

"Wherefore your petitioner prays that your honorable court make an order that the ballot-box used at the aforesaid primary election in said district be taken from the place provided by law in Forest City, Pennsylvania, and cause the entire vote thereof to be correctly counted by persons designated by your 'honorable court, as provided by the Act of Assembly of the Commonwealth of Pennsylvania, being Act No. 231 of the year 1927.' "

Upon presentation of these petitions and a deposit of $50 in each case, the court directed the Sheriff of Susquehanna County to bring the ballot-boxes in four election districts of Forest City Borough into court and the ballots to be recounted; the sheriff was also directed to subpœna the judges of election of said four districts.

Three of the cases were so proceeded with that the ballots were recounted, as provided by law, in the presence of the court, and in all said three districts

in which the ballots were recounted no evidence of any fraud, accident or mistake nor substantial error was discovered.

In the 2nd District of the 2nd Ward of Forest City Borough the sheriff was unable to procure the ballot-box; it had been stolen from its place of deposit, and it has not been found to this day. The sheriff made effort to find this box and employed a detective to aid him in his search. No persons, although the signers of the petition for said 2nd District of the 2nd Ward were called in open court, appeared, nor was any fraud, accident or mistake nor substantial error shown in connection with the counting of the ballots of said district, and the count made by the officers the night of the primary election was taken as the official count for said ward. The court directed that the $50 deposited in each of said four cases be paid, as provided by the Act of 1927, to the Treasurer of Susquehanna County.

On Jan. 10, 1928, a rule was granted upon the county commissioners and upon the signers of said four petitions to show cause why all the costs in connection with the bringing of said ballot-boxes into court should not be paid by them. The matter has now been argued by counsel, and it is for us to determine whether these costs should be paid by the County of Susquehanna or by the petitioners, signers of said four petitions.

The signers of said petitions contend that the costs cannot be imposed upon them because there is no express statute provided for their payment.

The petitioners in an election contest which has proven unsuccessful cannot be charged with costs for collecting old ballot-boxes and furnishing new ones, for stenographers' fee and for the fees of various court officers, such as cryers, tipstaves and pages: Patton's Election, 47 Pa. Superior Ct. 584.

Costs are entirely matters of statutory enactment, and a party claiming costs from the adverse party must be able to point to some statute giving them: Bressler's Petition, 6 Dist. R. 656.

When a party claims costs, he must be able to point to some statute authorizing his collection thereof, as costs are entirely matters of statutory enactment: Hotchkiss v. Harvey & Snyder, 25 Pa. C. C. Reps. 80.

There is no statutory provision for the payment of any further costs by the petitioners. The sum of $50 is forfeited, and when this has been done, the petitioners' financial responsibility for costs is ended, there being no further statutory enactment providing for the payment of further costs.

"Costs were not given by the common law to either party. They are the creature of the statute, and, unless the plaintiff can produce some statute giving him a right to the costs here claimed, the rule must be made absolute and he must pay his own witnesses:" Hoover v. Union Township School District, 4 Pa. C. C. Reps. 520.

"The matter is a public one, and we, therefore, think that the city should pay the costs. . . . The costs of these proceedings shall be paid by the City of Easton."

"Security for costs is not demandable of petitioners in election contests. Their liability is not a primary one, and after jurisdiction attaches by filing a petition, the proceeding is a public one, in which they have no interest other than any citizen, and which they cannot withdraw. The statute imposes no liability for costs upon either the contestants or respondents in any contingency:" Northampton County Contested Elections, 18 Pa. C. C. Reps. 584; 20 Corpus Juris, 273. See, also, East Donegal Township's Contested Election, 8 D. & C. 749.

Petitioners filing a petition to contest an election return commenced a litigation in which the public had important interest and rights, and petitioners

were not allowed to withdraw after the statutory time for filing a petition had expired, as the jurisdiction might have been endangered and *public rights sacrificed*. See, also, Contested Election of J. L. Grimm to Common Council, 14 W. N. C. 303. See, also, Easton Councilmen's Salaries, 8 D. & C. 752, 765.

Section 2 of the Act of April 23, 1927, P. L. 360, provides for the deposit of $50 with the prothonotary of the proper court, or a bond in the sum of $200, etc.; and section 4 of the same statute provides for the forfeiture of the above sum of $50 if it shall not appear that fraud or substantial error was committed. It is further provided in section 4 as follows: "It shall be the duty of the county treasurer forthwith to collect from the surety on said bond ($200) the sum of $50 and the costs of suit. The costs of suit being the costs incurred by the treasurer in bringing suit for the collection of the $50, not the costs necessitated in sending for the ballot-boxes," etc.

We are clearly of the opinion that the $50 deposited by the petitioners in each of the four cases is all that they can be compelled to pay. We think further discussion of this case is unnecessary.

And now, May 10, 1928, the rule granted on Jan. 10, 1928, upon the petitioners to have the ballot-boxes opened to show cause why they should not pay costs in addition to the $50 in each case is discharged, and the rule granted on the same day upon the county commissioners to show cause why the County of Susquehanna should not pay the costs upon said four proceedings is made absolute. And that there may be no mistake as to which bills of costs said County of Susquehanna is to pay, we have filed with this order, with our approval, four bills to be paid by the County of Susquehanna. These bills include the bills of the sheriff for bringing in the ballot-boxes and searching for the missing box, also a bill for a detective employed by him in endeavoring to locate the missing ballot-box, also the fees of the Prothonotary of Susquehanna County, also the fees of the nine witnesses who were directed to appear in court during our investigation of these four cases.