## Fife v. A. & P. Tea Co.

*Edward O. Spotts, Jr.* and *John D. Meyer*, for plaintiff.

*William H. Eckert, Alexander Black, Jr., Milton W. Lamproplos* and *Smith, Buchanan & Ingersoll*, for defendant.

SOFFEL, J., November 15, 1949.—This case is before the court on exceptions filed by plaintiff to an order of the prothonotary taxing as part of the costs two witness bills filed by defendant, the Great Atlantic & Pacific Tea Company, for the two trials of the above case.

The case was an action in trespass for conspiracy wherein plaintiff charged that defendants, to wit, the Great Atlantic & Pacific Tea Company, Local 249 of the International Teamsters Union, various officials of that local union, and two individuals, M. J. Hannon and Joseph Kenney, who were engaged in the contract hauling business, had conspired to deprive plaintiff of the benefit of a contract which he had with the A. & P. Tea Company to haul merchandise from its warehouses to its retail stores in the Pittsburgh area. The case was tried twice—the first trial ending in a compulsory nonsuit entered at the close of plaintiff's case as to liability. This trial commenced on March 15, 1943, and the testimony closed on March 25, 1943. After arguments on the following day, the nonsuit was entered. On plaintiff's motion the court en banc removed the nonsuit and the case was tried again, this trial commencing January 21, 1946, and continuing until March 19, 1946, when the case was submitted to the jury. The jury deliberated until Saturday, March 23, 1946, and was then discharged, having failed to agree. On defendant's motion, judgment on the whole record was ordered on July 30, 1946, for all defendants, and on August 7, 1946, judgment was entered for the Great Atlantic & Pacific Tea Company. Plaintiff appealed,

and this judgment was affirmed on March 24, 1947, by the Supreme Court of Pennsylvania, the court's per curiam opinion being reported at 356 Pa. 265. Plaintiff's petition for certiorari to the Supreme Court of the United States was denied: 332 U. S. 778. On November 10, 1947, plaintiff's petition for rehearing was also denied: 332 U. S. 821.

On June 3, 1949, the attorneys for the A. & P. Tea Company served written notice upon counsel for plaintiff that on June 7, 1949, they would present to the Prothonotary of Allegheny County, Pa., witness bills of the A. & P. Tea Company for both of the above-mentioned trials. At the time and place fixed in the notice, the two witness bills here in issue were filed and June 21, 1949, was fixed as the time for hearing before the prothonotary of plaintiff's objections to the witness bills. The scheduled hearing was held on that date and adjourned hearings were held on June 27 and June 28, 1949. On June 27, 1949, when counsel for defendant began the presentation of evidence with respect to the second witness bill, he stated to the prothonotary that by mistake too many days' attendance was claimed in that bill for the witness Lanheady. The prothonotary thereupon requested that an amended witness bill be filed for the second trial. On June 28, 1949, defendant filed an amended witness bill for the second trial correcting the error as to the attendance of the witness Lanheady and reducing the claim for witness fees with respect to each of defendant's witnesses who attended the trial for more than one day, so that no witness fees are now claimed for any witness at the second trial subsequent to the date when he last testified in that trial.

At the request of the prothonotary, defendant submitted a list of its officers and affidavits by each of its witnesses named in the witness bills, except those who testified before the prothonotary and those who

attended for only one day at the trials of the case. All of the facts necessary to support both witness bills were established by the evidence submitted by defendant at the hearings before the prothonotary. Some were stipulated by counsel for plaintiff and others appear by uncontradicted testimony of defendant's witnesses and the affidavits above mentioned.

After a full and complete hearing, the prothonotary filed his opinion and order taxing as part of the costs the two witness bills claimed by defendant in the amounts of $133.60 and $995.34, respectively.

On September 29, 1949, plaintiff filed 13 exceptions to the prothonotary's taxation of defendant's witness bill.

The issues raised by the exceptions are directed to whether the witness bills were filed in time, whether those of the witnesses at the first trial who did not testify had been subpœnaed, whether the fact that plaintiff subpœnaed some of the witnesses who were present at defendant's request precludes defendant from taxing as costs the fees it paid to those witnesses, whether the prothonotary properly taxed fees paid to witnesses for days other than the days they actually testified, and whether the prothonotary should have refused to tax any witness fees, although they were fully supported by evidence adduced before him, on the ground that the man who made the verification to the witness bills did not attend every day of both trials and therefore had personal knowledge of the attendance of witnesses and their materiality only on the approximately half dozen days that he did attend.

Plaintiff's exceptions 1, 2 and 6 are directed to the legal principle that the witness bills were not filed in good time. Plaintiff contends that defendant is barred by laches and by the statute of limitations from having its witness bills taxed as costs.

There is no statute in Pennsylvania imposing a limitation on the time within which a witness bill must be filed or the costs in the case must be taxed. Nor is there any rule of the Court of Common Pleas of Allegheny County, imposing such limitation. It has been held that the costs of a case may not be taxed until after the case has been reviewed on appeal: Miskey's Appeal, 18 W. N. C. 100.

The case at bar was decided by the Supreme Court on March 24, 1947, and on April 16, 1947, the remittitur was filed in the prothonotary's office of Allegheny County. Subsequently a certiorari was taken to the Supreme Court of the United States which was denied on November 10, 1947, the record being returned to the prothonotary's office on December 29, 1947. The proceedings before the prothonotary to tax witness bills as part of the costs were filed within a year and a half after the final decision in the Supreme Court. We would say that normally witness fees should be taxed within a reasonable time after the final adjudication of a case. While we are of the opinion that defendant might have had the witness bills taxed as costs in less time than a year and a half after final decision, we are not prepared to say this is an unreasonable length of time. Further, we are of the opinion that neither the statute of limitations nor laches bars the filing of the witness bills in the present proceedings. Exceptions 1, 2 and 6 will therefore be dismissed.

Exception 3 is as follows: The prothonotary erred in allowing fees for the first trial for witnesses who were not subpœnaed and who did not appear on the witness stand.

Four witnesses, Cowie, Jordan, King and Nordquist are listed in the witness bill for the first trial, of whom Jordan and King were called to testify. The prothonotary taxed fees for all four. We are of the opinion that

the evidence produced before the prothonotary fully supports this action.

All four witnesses listed on the witness bill for the first trial were subpœnaed by plaintiff to appear on March 15, 1943, and were not thereafter released from further attendance. This is conceded by plaintiff with respect to the witnesses King and Jordan. As to the witnesses Cowie and Nordquist, it is supported by the testimony of Cowie at the hearing before the prothonotary and Nordquist's affidavit, and is not successfully controverted by the testimony for plaintiff. The witness Meyer testified merely that he subpœnaed only King and Jordan, but he also testified that he did not subpœna any of the witnesses himself and that he was not the only attorney representing plaintiff at the trial.

Exception 3 will therefore be dismissed for the reason that all witnesses named in the witness bill for the first trial were subpœnaed.

Exception 4 is as follows: The prothonotary erred in allowing fees for witnesses who were subpœnaed by plaintiff.

All of the witnesses listed on both witness bills were defendant's witnesses. This is apparent from the fact that all of them testified as part of defendant's case at the second trial. They would also have testified for defendant at the first trial had plaintiff not been nonsuited. Defendant recognized that they were its witnesses when it paid them for the time they were in attendance at both trials. Plaintiff also recognized it, because he never called any of these men to testify for him at either trial except King and Jordan, and on each occasion when he called them it was for cross-examination. Defendant's right to recover as costs fees in payment of its witnesses for attendance at its request is not destroyed because plaintiff also served subpœnas on some of them. Exception 4 will therefore be dismissed.

Exception 7 is directed to the same matter as covered by exception 4. It will therefore be dismissed.

Exceptions 5, 8, 9, 10, 11, and 12 are directed to alleged errors on the part of the prothonotary in allowing fees to be paid to certain witnesses:

(a) For days more than the actual time they were on the witness stand;

(b) When no adequate reasons for the necessary presence of said witnesses in court was shown;

(c) Since certain of said witnesses were easily available by telephone;

(d) To the allowance of fees for witnesses Foote and Nordquist in the second trial, Foote being allowed 28 days plus mileage and lodging and being on the stand but two days, and Nordquist being allowed 13 days plus mileage and lodging and being on the stand but one day—no adequate reasons being shown for their presence in court on other days;

(e) Defendant's witnesses were for the most part employed in Pittsburgh and readily available by telephone, and there was no need to have them in court for the period of five weeks during which plaintiff's case was being presented.

We have read the testimony taken at the hearings held before the prothonotary. The hearings were impartially conducted. There is evidence which justifies the findings of the prothonotary. The court cannot say that the attendance of all witnesses was not necessary on each day for which a witness fee was allowed by the prothonotary. There is testimony which supports this contention on the part of defendant. It is true that plaintiff's witness Meyer stated that in his opinion it was not necessary to have all these witnesses present on each day of the trial. The mere fact that defendant was getting a daily transcript of the testimony does not justify the conclusion that the presence of the witnesses was unnecessary on all the days for which the witness

fees were claimed. Whether the presence of these witnesses in court was necessary is a matter that rests primarily on the judgment of the attorneys who had the responsibility of representing the interests of defendant in this protracted litigation. In the absence of fraud or gross abuse of discretion, this court cannot say that the judgment of the attorneys for defendant was wrong. There is no testimony which would indicate that the presence of these witnesses in court was required by defendant merely to oppress plaintiff by running up a large bill for witness fees.

In allowing both witness bills to be taxed as filed the prothonotary has held, in effect, that it was necessary for certain of defendant's witnesses to be in attendance while plaintiff's case was being heard, as well as during the presentation of defendant's case, until each of them completed his testimony. This finding should not be reversed, because, as was pointed out above, it is fully supported by the evidence and also it is in accord with the law in Pennsylvania. In Kerr v. Sun Co., 10 Del. Co. 112, plaintiff filed his witness bill claiming fees for attendance of a large number of witnesses throughout a long trial. On exceptions by defendant, the prothonotary held that all of plaintiff's witnesses should be allowed fees for their attendance during the time plaintiff's case was being heard, and such of them as testified for plaintiff in rebuttal should be allowed fees for attendance throughout the trial of defendant's case. The court of common pleas dismissed all exceptions and approved the taxation by the prothonotary. Exceptions 5, 6, 8, 10, 11, and 12 will therefore be dismissed.

Exception 13 is directed to the alleged error of the prothonotary in permitting the witness bills to be taxed when the sworn testimony of Mr. F. Ham, treasurer of the central division, who made the affidavits to the witness bills to the effect that these witnesses were material and in attendance revealed that said affiant had

no knowledge as to whether the witnesses were in attendance for the days charged or whether they were material.

Both witness bills were verified by Mr. Ham, who appeared at the hearing before the prothonotary in response to a request by the prothonotary. He was examined by the prothonotary and cross-examined by counsel for plaintiff. He testified that, to the best of his knowledge and belief, all the witnesses named in both witness bills were in attendance for at least the number of days charged in the bills, but that, as to the second trial, he actually saw the witnesses in court only on the approximately six days that he was in the courtroom.

Defendant's proof of the attendance and materiality of the witnesses for whom fees are charged in the witness bills does not rest solely upon the testimony of Mr. Ham. It was fully proved by the testimony before the prothonotary of one of the trial counsel for defendant. Cowie and Jordan testified before the prothonotary as to their own attendance. At the prothonotary's request, defendant filed affidavits by King, Nordquist, Foote, Collins, Mazur, Senn, and Lanheady, each setting forth the number of days he was in attendance. As to all the rest of the witnesses named in the bills, only one day's fee was claimed for each, and that for the day on which he testified.

Defendant, therefore, in the proceedings for taxation before the prothonotary, did not rely upon the verified witness bills to make out a prima facie case, but assumed the burden of proving each item in the bills by testimony or other evidence, and successfully carried that burden, as the prothonotary's finding shows. It would therefore be anomalous to convict the prothonotary of error in taxing these bills, not because of any defect in the bills themselves or in the proof in support of them, but merely because of an alleged defect, the

existence of which defendant denies, in the verification of the bills. In Hartley v. Weideman, 28 Pa. Superior Ct. 50, the verification of a witness bill was defective, but it was not held that the prothonotary should not have taxed the bill. The Superior Court merely held that, because of the defective verification, the proponent of the bill had the burden of proving the facts as to attendance of witnesses, etc. We are of the opinion that the verifications of the bills in the instant case are adequate, but if they are not, defendant supplied the deficiency by assuming and successfully carrying the burden of proof of the material facts at the hearing before the prothonotary.

Exception 13 will be dismissed for the reasons stated.