## Pollock *v.* Lowry.

*Fraud—Damages—Agency—Option to purchase land.*

In an action of trespass to recover damages for an alleged conspiracy to defraud, the plaintiff's evidence showed that the plaintiff had given to the principal defendant an instrument in writing which on its face was a contract of agency to sell land, but which seems to have been considered by the parties as an option. The person receiving the paper joined with him the other two defendants, and the three contracted in writing to give an option on the land to other persons at an advance in price over the agreement with plaintiff, but did not reveal to plaintiff the names of the purchasers. Shortly afterwards plaintiff notified the principal defendant that he had revoked the power to sell the property given to him in the agreement, and thereafter gave an option to another party to purchase the land. The defendants filed a bill in equity against plaintiff for specific performance, which bill was dismissed because the terms of the sale were never fully understood and agreed upon by the parties ; because the terms of the sale were not reduced to writing and signed by the party to be charged ; and because the plaintiffs in the equity suit were not in court with clean hands. The evidence in the trespass suit showed that the plaintiff admitted substantially that it made no difference to him who became the purchaser so that he received the sum mentioned in the agreement. The evidence also showed that the principal defendant thought that he had an option under his agreement with plaintiff. *Held,* that the evidence was not sufficient to establish the charge of conspiracy to defraud, and that a nonsuit was properly entered

Argued Oct. 23, 1900. Appeal, No. 97, Oct. T., 1900, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1898, No. 984, refusing to take off nonsuit in case William C. Pollock v. S. O. Lowry, John W. Stewart and J. R. Wylie. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for conspiracy to defraud.  Before FRAZER, J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, FRAZER, J., filing the following opinion:

In this action in trespass the plaintiff alleges in his statement that the defendants on or about August 8, 1892, "falsely and maliciously conspired, combined, confederated and agreed together to cheat and defraud the said plaintiff of his moneys, goods and chattels and other property, and to do other dishonest, malicious and unlawful acts to the prejudice of plaintiff," for which damages are asked.

From the testimony it appears that the plaintiff was on August 8, 1892, and still is the owner of a farm situated in Lincoln township, now borough of Port View, containing about 134 acres; that on August 8, 1892, by an agreement in writing, the plaintiff placed the exclusive sale of the property for sixty days in the hands of S. O. Lowry, one of the defendants, who was at the time engaged in business as a real estate broker in the city of McKeesport, the price of the farm being fixed in the agreement at $13,000, payable $5,000 on delivery of deed, and balance in instalments to suit purchaser; one per cent commission to be paid to Lowry in the event of a sale.  On September 29, 1892, within the sixty days, Lowry paid to Pollock $100, and received the following receipt:

"McKEESPORT, Pa., Sept. 29, 1892.

"Rec'd of S. O. Lowry one hundred dollars on account of first payment on within agreement, balance of first payment $4,900, four thousand nine hundred dollars, to be paid when deed is ready for delivery.

"W. C. POLLOCK."

At the time of this payment the name of the purchaser was not given to Pollock, nor did he ask for his name.  The title papers were given to Lowry by plaintiff for the purpose of having a deed and mortgage drawn and the title to the farm examined.  On the last day of December, 1892, at the request of John W. Stewart, one of the defendants, the plaintiff served notice to quit on the tenant occupying the farm, and on January 3, 1893, plaintiff and Stewart had a conversation at the

office occupied by the defendants, in regard to the deferred payments and the rate of interest to be paid by the purchaser.

Previous to this time, in conversations had between the plaintiff and Lowry, the latter frequently, when asked by plaintiff in regard to the sale of the farm, replied, " If those people don't take it, we will; " but at no time was the name of the supposed purchaser given by Lowry or demanded by Pollock.

Between August 8, 1892, and December 12, 1892, Lowry gave options upon the property and also agreed to sell it to different parties; a sale, however, was not consummated under any of his agreements.  On December 12, 1892, the defendants, Lowry, Stewart and Wylie, contracted in writing to sell and convey the farm to A. Chaudon and R. C. Crawford " upon ten days' notice at any time on or before April 1, 1893," at $250 per acre if Chaudon and Crawford should on or before that time elect to " take and accept said tract of land under this option."  This option was extended to June 1, 1893, and on May 27, 1893, Chaudon and Crawford notified defendants of their acceptance of the property under their option, and paid to defendants $50.00 on account of the purchase money.

On January 9, 1893, Pollock notified Lowry that he had revoked the power to sell the property given to him August 8, 1892, declared off all negotiations, and tendered back to him the $100 paid September 29, 1892, as purchase money; and on April 21, 1893, optioned the property to F. H. Coursin for fifteen days at the price or sum of $16,500.   On May 6, 1893, Coursin in writing elected to purchase the property under his option " as soon as you [Pollock] are in a position to make a good and sufficient deed therefor to me in fee simple."    No deed therefor was tendered to Coursin by Pollock until February, 1897, almost a year after the filing of the master's report in the equity case hereinafter referred to.

Lowry denied Pollock's right to annul the agreement, refused to accept the $100, and on January 16, 1893, tendered to Pollock in cash the sum of $4,900; demanded a deed and offered to execute and deliver a bond and mortgage for the deferred payments in accordance with the contract of August 8, 1892; Pollock refused to accept the money and make a deed.   On April 25, 1893, the defendants herein filed a bill in equity in the court of common pleas No. 1, at No. 393, June term, 1893, against Pollock,

alleging they had become the purchasers of his farm under the agreement of August 8, 1892, and praying for specific performance. That case was referred to a master, who recommended a decree dismissing the bill, giving three reasons therefor:

"(1) Because the terms of the sale were never fully understood and agreed upon by the parties; (2) because the terms of the contract of sale were not reduced to writing and signed by the party to be charged, and (3) because the plaintiffs are not in court with clean hands." The master's report was approved by the court, and the bill dismissed at the plaintiff's costs. Thereupon Pollock brought this suit for damages.

At the trial, after hearing plaintiff's evidence, defendants' counsel asked for a judgment of compulsory nonsuit for the following reasons:

1. As to John W. Stewart and J. R. Wylie because there is no evidence that they conspired with any one to defraud plaintiff.

2. Also for a nonsuit as regards all of the defendants, because, whatever may be the construction placed on the agreement of August 8, 1892, it was revoked by the plaintiff on January 9, 1893. Up to that time there had been no sale of plaintiff's farm; all that existed at that time were negotiations. Lowry was not bound to inform plaintiff of these negotiations any more than he did, either before or at the time when he revoked the contract; nor did the plaintiff make any inquiry as to any of the details in relation thereto.

3. There is no evidence as to any damage at all to the plaintiff, prior to the filing of the bill. In fact, he had contracted to sell to Coursin for $16,500, and presumably if he had, under his contract, tendered his deed within a reasonable time after the decree, he could have collected that sum.

4. There can be no recovery here for any damages resulting from the filing of the bill; and

5. If the plaintiff had any claim against the defendants by reason of any action of theirs, he was fully advised in relation to the facts prior to or during the pendency of the bill in equity; it was then his duty to have his whole cause adjudicated in the proceedings in equity, and he cannot now be heard to raise this question, because when equity acquired jurisdiction, it acquired jurisdiction for all purposes.

A nonsuit was granted and the motion to take off same is now before us.

The plaintiff's claim is that the agreement of August 8, 1892, was simply a contract of agency to sell the farm, while the defendants contend that it was intended to be an option.

On its face the agreement is undoubtedly a contract of agency, but it seems to us that it was considered by both Pollock and Lowry as an option. The testimony of Pollock throughout shows great anxiety on his part to dispose of his farm to any person who would pay his price therefor. In 1890, a contract to sell the farm was given to Lowry in which the price was fixed at $12,000 ; some time after the expiration of that contract another was given in which the price was fixed at $12,500. No purchaser was obtained under these contracts, and a third agreement, that of August 8, 1892, was executed by Pollock and Lowry.

Under the last agreement Lowry and the other defendants were exceedingly active in their endeavors to procure a purchaser ; Lowry advised Pollock from time to time that he expected to consummate the sale, and upon several occasions told him that if the prospective purchasers failed to purchase, " we will take it ourselves." Surely Pollock understood by that language that Lowry and some one associated with him contemplated becoming purchasers of the farm under certain contingencies at the price named in the contract of August 8. He also had conversations with Stewart about the sale and the terms of payment, and at Stewart's request notified the tenant to quit, and at the trial of this case admitted substantially that it made no difference to him who became the purchaser, so that he received $13,000.

While we concur in the conclusions reached in the equity case, that the evidence was not sufficient to sustain a decree for specific performance, we are unable to find from the facts adduced by the testimony and the reasonable inferences deducible therefrom anything that indicates that the defendants " falsely and maliciously conspired, combined, confederated and agreed to cheat and defraud plaintiff." Lowry thought he had an option on the farm and was using his best endeavors to sell the property, of course at an advance above the price named in his option, and would probably have been successful had not

his authority to sell been revoked by Pollock. That Lowry's construction of the agreement of August 8, 1892, was erroneous is undeniable, but his error in that respect did not amount to fraud, and what his liability would have been to Pollock in the event of a sale to Chaudon and Crawford at $250 per acre does not arise in this case.

After a careful examination of the testimony and the authorities submitted by counsel, we are still of the opinion that the plaintiff failed to make out a case against defendants. The motion to strike off the nonsuit is therefore overruled.

The exhibits A, B, C, D, E and F mentioned in the opinion of the Supreme Court were as follows:

"EXHIBIT A.

"Articles of agreement made and concluded this 8th day of August, A. D. 1892, between W. C. Pollock, of McKeesport, County of Allegheny, and State of Pennsylvania, party of the first part, and S. O. Lowry, real estate broker, of McKeesport, County of Allegheny and State of Pennsylvania, party of the second part:

"Witnesseth: That the said party of the first part does hereby place for sale exclusively with the said party of the second part for sixty days the following described property, viz.: All that certain farm of about 134 acres, situate in Lincoln township, Allegheny Co., Pa., bounded on the east by lands of Andrew McClure's heirs; on the south by lands of Simon Harper, H. L. France and Lawton heirs; on the west by land of Keystone Company; on the north by land of Risher and McClure.

"The price and terms of sale for said property shall be as follows, to wit:

"Thirteen thousand dollars total price; $5,000 on delivery of deed; balance on time in payments to suit purchaser, at 6 per cent. if possible; at 5 per cent. if necessary.

"It is hereby agreed that the said party of the first part shall pay to the said party of the second 1 per cent. on any sale that may be consummated while the same remains for sale with said party of the second part, whether it be through their agency or otherwise. The above includes payment for deeds and agreement to complete the sale.

" Witness our hands and seals the day and year above written.

" Witness:

" As to S. O. LOWRY,      W. C. POLLOCK. [L. S.]

   " M. WILSON STEWART.    S. O. LOWRY.    [L. S.]

" Know all men by these presents: That I, W. C. Pollock, do make, constitute and appoint S. O. Lowry true and lawful attorney for me and in my name, to bargain, article and sell the above designated property, and to do all necessary acts, and to make the necessary contracts and deeds to effect the premises; hereby ratifying and confirming all my said attorneys shall lawfully do by virtue hereof.

" In witness whereof I have hereunto set my hand and seal this 8th day of August, A. D. 1892.

" Witness:              W. C. POLLOCK. [L. S.]

" [Endorsed.]

" Received of S. O. Lowry one hundred dollars on account of first payment on within agreement, balance of first payment $4,900. Four thousand dollars to be paid when deed is ready for delivery. $100.00.

" W. C. POLLOCK.

" EXHIBIT B.

" Articles of agreement made this 21st day of April, A. D. 1893, between William C. Pollock, of the City of McKeesport, County of Allegheny, State of Pennsylvania, party of the first part, and Frederick H. Coursin, of Lincoln township, County and State aforesaid, for a valuable consideration herein mentioned.

" Witnesseth: That the party of the first part covenants and agrees to sell at any time within fifteen days from this date, to the party of the second part, my farm in Lincoln township, adjoining the farm formerly owned by my brother, Samuel Pollock, near Robbins station, on McKeesport & Bellevernon Railroad, containing one hundred and thirty-five (135) acres more or less, for the sum of sixteen thousand five hundred (16,500) dollars, to be paid as follows: Five thousand five hundred dollars cash when deed is to be delivered, five thousand five hundred dollars in three years, and balance five thousand five hun-

dred dollars in five years from date of deed, to be secured by bond and mortgage at six per cent, with the right within six months to cash deferred payments. The above ground to be clear of all encumbrances. Deed to general warrantee.

"I hereby bind myself, my heirs and assigns to the fulfilling of the above contract.

"In whereof witness my hand and seal.

"Witness:　　　　　　　　　　W. C. POLLOCK. [Seal]
"JOSEPH A. SKELLEY.

"Received on the above article one dollar in hand.
"Correction on line 19 made before signing.

"McKEESPORT, PA., May 6th, '93.
"W. C. POLLOCK, Esq.:

"I have elected to take the property mentioned and described in your option to me of date April 21st, 1893, for your farm, now situate in Port View borough, upon the terms and conditions therein named. As soon as you are in a position to make a good and sufficient deed therefor to me in fee simple, clear of all encumbrances and estate, the hand money will be paid you and the unpaid balance will be secured by mortgage upon the farm as provided in said option.

"Yours respectfully,
[Signed]　　　　　　　"F. H. COURSIN.

"EXHIBIT C.

"Articles of agreement made and concluded this 8th day of August, A. D. 1892, between S. O. Lowry, agent for owners, of McKeesport, County of Allegheny and State of Pennsylvania, party of the first part, and R. C. Crawford, of McKeesport, County of Allegheny and State of Pennsylvania, party of the second part:

"Witnesseth: That the said party of the first part does hereby place for sale exclusively with the said party of the second part for 30 days the following described property, viz:

"One hundred and thirty-five acres more or less, known as the Keystone Plan, extending from the Monongahela river to the brow of the hill, situate in Lincoln township, Allegheny County, Pa., excepting and reserving 40 lots more or less; also the ferriage right on river frontage.

" Also 134 acres more or less, adjoining the above on the east and extending from the brow of the hill easterly.

" The price and terms of sale for said property shall be as follows, to wit:

" Tract No. 1, at $600 per acre ; tract No. 2, at $250 per acre. Three thousand five hundred dollars to be paid on delivery of deed ; balance in five equal annual payments with interest.

" It is hereby agreed that the said party of the first part shall pay to the said party of the second part             on any sale that may be consummated while the same remains for sale with said party of the second part, whether it be through their agency or otherwise. The above includes payment for deeds and agreement to complete the sale.

" Witness our hands and seals the day and years first above written.

" Witness :

" M. WILSON STEWART.        S. O. LOWRY.        [L. S.]
                             " R. C. CRAWFORD.     [L. S.]


" Know all men by these presents : That I, S. O. Lowry, do make, constitute and appoint R. C. Crawford, true and lawful attorney for me and in my name to bargain, article and sell the above designated property, and to do all necessary acts and to make the necessary contracts and deeds to effect the premises ; hereby ratifying and confirming all my said attorneys shall lawfully do by virtue hereof.

" In witness whereof I have hereunto set my hand and seal this 8th day of August, A. D. 1892.

" Witness :                          S. O. LOWRY. [L. S.]
     " M. WILSON STEWART.


" EXHIBIT D.

" Articles of agreement made and concluded this fifteenth day of October, A. D. 1892, by and between S. O. Lowry, of McKeesport, Pa., of the first part, and A. Chaudon and R. C. Crawford, for the South McKeesport Land Company, of the second part.

" Witnesseth : That the said first party for a valuable consideration hereby agrees to convey by sufficient deeds of conveyance to said second parties, at any time within thirty (30) days

from the above date, all that certain tract of land known as the William Pollock farm, situate south of the Keystone Plan, Lincoln Township, Allegheny County, Pa., containing 134 acres more or less.

" The price and terms of said property to be two hundred and fifty (250) dollars per acre; ten thousand (10,000) dollars on delivery of deed, ten thousand (10,000) dollars in two years from date of said deed, and the balance in four years, deferred payments to be secured by mortgage bearing six per cent. interest.

" Signed in duplicate the above day and date.

" S. O. LOWRY. [Seal]

" A. CHAUDON.

" R. C. CRAWFORD.

" [Endorsed.]

" McKEESPORT, PA., Nov. 15, 1892.

" By mutual consent of all parties to this agreement, the time on same has been extended for thirty days from November 15th, 1892.

(Signed)  " S. O. LOWRY.

" A. CHAUDON.

" R. C. CRAWFORD.

" EXHIBIT E.

" Article of agreement made this 12th day of December, 1892, by and between S. O. Lowry, John W. Stewart and J. R. Wiley, parties of the first part, and A. Chaudon and R. C. Crawford, parties of the second part.

" Witnesseth : That the said parties of the first part, for and in consideration of the sum of one dollar (1.00) unto them in hand paid by said parties of the second part and for the good and valuable consideration to them moving, the receipt of which is hereby acknowledged, have agreed and by these presents do agree by proper deed or deeds of conveyance, and other good assurances, upon ten days' notice at any time on or before the 1st day of April, 1893, to convey in fee simple to said parties of the second part, their successors and assigns all that certain tract of land known as the William Pollock farm, situate south of the Keystone Plan of Lots, in Lincoln Township, Allegheny Co., Pa., containing 134 acres, more or less.

" In case the parties of the second part take and accept said tract of land under this option it shall be at $250.00 per acre; $10,000 of which sum shall be paid upon delivery of deed, for the same; and $5,000 each year from the date of said deed, with interest on the whole at the rate of six per cent. (6 per cent.) per annum, payable annually; all of which deferred payments shall be secured by bond and mortgage upon said tract of land.

" It is further agreed by and between the parties hereto, that said first parties shall have the right during the running of this option to terminate the same upon thirty days' written notice to that effect; unless the said second parties before the expiration of said thirty days' notice accept said property under said option and in that case they will have two (2) weeks' additional time in which to make an examination of the title to said property, before the consummation of the purchase as aforesaid.

" Witness our hands and seals the day and year aforesaid.

" Witness:      (Signed)    " S. O. LOWRY,            [Seal]
                           " JOHN W. STEWART,     [Seal]
                           " J. R. WYLIE,              [Seal]
                           " A. CHAUDON,            [Seal]
                           " R. C. CRAWFORD.      [Seal]


" EXHIBIT F.

" May 27th, 1893.

" To Messrs. S. O. LOWRY, JOHN W. STEWART and J. R. WYLIE:

" We, A. Chaudon and R. C. Crawford, hereby notify you that we accept and agree to take the real estate known as the William Pollock Farm, mentioned and described in written option between you and us, dated December 12, 1892, and extended to June 1st, 1893, in accordance with the terms and conditions of said option, and that we are ready and willing to close the transaction; and as soon as you are prepared to do so kindly advise us.

" A CHAUDON.
" R. C. CRAWFORD.


" And now, to-wit, May 27th, 1893, we, the undersigned, hereby accept service of the foregoing notice, and hereby ac-

knowledge the receipt of the sum of .fifty dollars, on account of the purchase money for said tract of land.

(Signed in duplicate.)          " S. O. Lowry,

" John W. Stewart,

" J. R. Wylie,

" By S. O. Lowry, Agent."

*Error assigned* was refusal to take off nonsuit.

*Boyd Crumrine*, with him *J. P. Patterson*, for appellant.— If the cause had been submitted to the jury, there was an abundance of evidence to enable them to find that there was an unlawful combination on the part of the defendants to cheat and defraud the plaintiff, by an illegal abuse of the contract of agency, and to entitle the plaintiff to their verdict, under instructions in accordance with the settled law : Glass v. Stewart, 10 S. & R. 222 ; Laverty v. Vanarsdale, 65 Pa. 507 ; Hood v. Palm, 8 Pa. 237 ; Haldeman v. Martin, 10 Pa. 369.

The relation of agent to principal is one of the most confidential character : Rice v. Davis, 136 Pa. 439 ; Beach on Modern Eq. Jurisprudence, secs. 133, 228 ; 2 Pomeroy's Eq. Jurisprudence, secs. 902, 959 ; Story on Agency, secs. 210, 211, 214 ; Fox v. Mackreth, 1 Leading Cases in Equity (4th Am. ed.), 237–240, 250, 255 ; Pratt v. Patterson, 12 Phila. 460 ; s. c., 112 Pa. 475 ; Kramer v. Winslow, 130 Pa. 484 ; s. c., 154 Pa. 637 ; Finch v. Conrade, 154 Pa. 326 ; Powers v. Black, 159 Pa. 153 ; Rich v. Black, 173 Pa. 92.

*W. B. Rodgers*, with him *E. P. Douglass*, for appellee.— When the authority was revoked (arguing upon plaintiff's theory), the further proceedings on the option were immaterial, and when accepted finally, Lowry was under no obligation to seek Pollock out and inform him of that because he had been discharged.

There remains, then, the plaintiff's complaint as to the filing of the bill in equity and the proceedings therein. It was filed under a claim of right, viz : that Lowry had purchased the property from Pollock. Lowry et al. lost that case, and were mulcted with the costs. That was the punishment which the law imposes.

This case must stand upon the analogy of an action for malicious prosecution: Muldoon v. Rickey, 103 Pa. 110; Eberly v. Rupp, 90 Pa. 259; Kramer v. Stock, 10 Watts, 115; Emerson v. Cochran, 111 Pa. 622; Norcross v. Otis Brothers & Co., 152 Pa. 481.

PER CURIAM, January 7, 1901:

On our examination of the oral testimony and of exhibits A, B, C, D, E and F, we are satisfied that no error was committed by the court in entering a compulsory nonsuit and refusing to take it off. We unhesitatingly affirm the judgment on the able opinion of the learned trial judge.

Judgment affirmed.