Opinion by
 

 Baldrige, J.,
 

 Dorothy Slome, the appellant herein, was convicted of the crime of false pretense. The indictment brought under the common law charges that she, by false representations, obtained the signature of Alice Everett to a Communist party Nomination Paper requesting the Secretary of the Commonwealth of Pennsylvania to have printed on the official ballot the names of divers persons, with the intent to prevent the freedom and purity of a General Election to be held November 5, 1940.
 

 The Commonwealth’s evidence shows that the defendant induced Alice Everett and others to sign a Nomination Paper, representing that she wanted to procure a certain number of names thereon in order to help a friend to secure work. Nothing was said relating to it being a Nomination Paper of the Communist party, which it subsequently proved to be.
 

 The appellant assigns as error the failure of the court below to sustain her demurrer to the evidence of the Commonwealth on the ground that the proof adduced
 
 *451
 
 did not constitute a crime under the common law or any statute of this Commonwealth, as it was not shown that some property or valuable right was affected by the alleged false pretense.
 

 One of the most valuable rights we as citizens cherish is that of suffrage and the freedom of our elections, undefiled by fraudulent conduct. It is vain to say that the conduct of which defendant was found guilty does not deeply and directly affect our fundamental rights. It was prejudicial to every law abiding citizen of the Commonwealth who is interested in having honest elections and the perpetuation of our representative system of government.
 

 In
 
 Commonwealth v. McHale et al.,
 
 97 Pa. 397, 408, the defendants were charged with the violation of the election laws. Mr. Justice Paxson, speaking of offenses under the common law, said that they comprise
 
 “‘all such crimes as especially affect public
 
 society’...... [p. '410] It needs no argument to show that the acts charged in these indictments are of this character. They are not only offenses which affect public society, but they affect it in the gravest manner. An offense against the freedom and purity of elections is a crime against the nation. It strikes at the foundations of republican institutions. Its tendency is to prevent the expression of the will of the people in the, choice of rulers, and to weaken the public confidence in elections. When this confidence is once destroyed the end of popular government is not distant....... We are of the opinion that the offenses charged in these indictments are crimes at common law. We regard the principle thus announced as not only sound but salutary.”
 

 The appellant asserts that election crimes at common law relate only to the manner of the final casting of Votes at a General Election and not to preliminary proceedings as primaries or nomination petitions of minor parties.
 

 
 *452
 
 That same argument was advanced in
 
 Commonwealth v. Antico et al,,
 
 146 Pa. Superior Ct. 293, 22 A. 2d 204, which involved many facts similar to those now before us. We there held that Primary Elections, as well as the procedure for nominating candidates by political parties not entitled to nominate a candidate at a Primary Election, are an integral part, of the election machinery of the Commonwealth, citing
 
 U. S. v. Classic,
 
 313 U. S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368, opinion by Mr. Justice Stone, now the Chief Justice, filed May. 26, 1941.
 

 We find no merit in appellant’s contention that the Commonwealth failed to prove either expressly or circumstantially that a free and pure election had been, in fact, prevented or that she had the specific intent to prevent such an election. The Commonwealth argued that she intended by fraudulent and unlawful means to place upon the official ballot to be used in the General Election the names of candidates iof the Communist party, who had no legal right to be there. The proof amply supported that, assertion.
 

 “ ‘It is a general principle that where a statute gives a privilege, and one wilfully violates such privilege, the common law will punish such violation.’ ”
 
 Commonwealth v. McHale et. al.,
 
 supra, p. 409. We said in
 
 Commonwealth v. Antico et al.,
 
 supra: “The illegal procurement of a place on the ballot for the candidates of a political body, by violating the provisions of the Election Code, is an unlawful act, which interferes with a free and fair election.......” In
 
 Commonwealth v. Max Weiner,
 
 51 Dauphin County Reports 229, the defendant was charged, as here, with obtaining signatures by false pretense with the intent to prevent a free and pure election. President Judge Hargest, the writer of the opinion in that case, well said : “The validity of the indictment
 
 is not to be determined by the subsequent effect obtained by the signatures but by the criminal intent in the process of obtaining them.”
 

 
 *453
 
 Notwithstanding this appellant is not expressly charged with violating any section of the Election Code of 1937, June 3, P. L. 1333, 25 PS §2600 et seq., the circumstances under which the false' representations were made show the intent of the defendant to prevent a free and pure election and constituted an election crime at common law. The court was entirely right in refusing to sustain the demurrer.
 

 The appellant also argues that the court committed error in admitting the testimony of persons who signed other Nomination Papers .than'the one referred to in the indictment at her request,, on a different day and in a different place. The Commonwealth produced witnesses who were approached by the defendant about the time she obtained the signature of Alice Everett, representing the purpose of the petition was to “help the unemployed,” etc. This testimony was admitted for the limited purpose of showing a general design, purpose, or plan for securing signatures and that the defendant fully knew and understood that the statements she was making as to the purpose of the papers were untrue. Under a well recognized principle disconnected acts may be shown to establish a general intent, design, and system:
 
 Commonwealth v. Robert Ferguson,
 
 95 Pa. Superior Ct. 153;
 
 Commonwealth v. Bonnem,
 
 95 Pa. Superior Ct, 496. See, also, Wigmore on Evidence, Third Edition, Vol. II, §367;
 
 Lisenba v. The People of the State of California,
 
 314 U. S. 219, 62 S. Ct.. 280, 86 L. Ed. 179, opinion by Mr. Justice Roberts, filed December 8, 1941;
 
 Commonwealth v. Volverdi,
 
 218 Pa. 7, 9, 66 A. 877.
 

 We find no just reason to complain of the overruling of objections to the district attorney’s cross-examining the defendant as to her employment after the date of the indictment. She had previously testified that, she was not, and never had been, a member of the Communist Party and stated what her employment was
 
 *454
 
 prior to the time of the circulating of the papers and at the time of the trial. We think the court in such circumstances properly permitted the Commonwealth to show that she was employed for a period at the Communistic Headquarters in Pittsburgh.
 

 Criticism was made of the judge’s charge in that he failed to say to the jury that it was necessary for the Commonwealth to prove beyond a reasonable doubt not only that the signatures were obtained by false representations, but that the defendant had the intent to prevent a free and pure election; and that instructions should have been given that there was evidence that those signing the Nomination Papers had knowledge of their nature. The jury was instructed that before they could convict defendant they must find that “she made a false statement of an existing fact, that she knew the statement she made was false when she made it” and if the petitioners knew and understood what they were signing then there could be no conviction.
 

 In
 
 Commonwealth v. Antico et al.,
 
 supra, as here, the objection respecting the knowledge petitioners had of the Nomination Papers was raised. We there said: “Counsel for appellants ask: ‘Can a signer of a nomination paper, who reads English and who has full opportunity of examination thereof, which paper on its face clearly shows its nature, purpose and party for which it is circulated, be heard1 to say he had no knowledge of the contents ¡thereof?’ ...... It is not a valid defense in a prosecution for crime' that common prudence was not used in avoiding imposition or that the person deceived by the defendants’ representations did not read the paper before signing it.”
 

 We find the judge’s charge was entirely adequate. A caréful review of this record has convinced us that this appellant had a fair and impartial trial and that no legal error was committed that warrants our disturbing her conviction.
 

 Judgment of the court below is afflrined? and it is
 
 *455
 
 ordered that the appellant shall appear in the court below at such time a,s the said court shall fix and be committed by that court until she has complied with the sentence, or any part of it which had not been performed, at the time her appeal was made a supersedeas.