## Fife, Appellant, *v.* Great Atlantic & Pacific Tea Co. et al.

Argued October 7, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

re-argument refused April 14, 1947.

*Edward O. Spotts, Jr.,* with him *John D. Meyer* and *Ross W. Thompson,* for appellant.

*Charles J. Margiotti,* with him *Margiotti & Casey* and *Ben Paul Jubelirer,* for appellees in Nos. 144, 148, 149 and 150.

*William H. Eckert,* with him *Alexander Black, Jr., Milton W. Lamproplos* and *Smith, Buchanan & Ingersoll,* for appellee in No. 145.

*A. M. Oliver,* with him *Ellis R. Defibaugh* and *Albert D. Brandon,* for appellees in Nos. 146 and 147.

PER CURIAM, March 24, 1947:

The plaintiff has taken seven appeals in his action charging the defendants with having conspired to breach a written contract made by him and the Great Atlantic & Pacific Tea Company, one of the defendants, referred to in this opinion as A. & P. The other defendants were General Teamsters, Chauffeurs, Stablemen, Helpers and Garage Men, Local Union 249, International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, an Unincorporated Association, B. C. Mazon, President; M. Rosenthal, Vice President; Jerry Gradeck, Recording Secretary; Scott F. Marshall, Secretary-Treasurer; C. Scanlon,[1] Trustee; William Arensberg, Trustee; Charles Michal, Trustee, individually and as officers and members, representing themselves and all others having the same interest; M. J. Hannon, and

---

[1] No evidence was offered against Scanlon, Arensberg and Michal, officers of the union; verdicts in their favor were directed; no appeal was taken from the judgments on those verdicts.

Hazel Kenny, Executrix of the Estate of J. Kenny, Deceased.

During the course of a long trial [2] a compulsory nonsuit was entered in favor of the executrix of the Estate of Joseph Kenny, deceased. The jury disagreed as to the other defendants who then moved for judgment on the whole record, Act of April 20, 1911, P. L. 70, 12 PS 684. The motions were granted in an opinion written by Judge RICHARDSON for the court in banc composed of himself, and Judges KENNEDY and ADAMS.

It is unnecessary to detail the various positions taken by appellant in his brief; because the material questions in the case are sufficiently considered in the opinion filed below.

It has long been the settled rule in this Commonwealth that proof of conspiracy must be made by full, clear and satisfactory evidence.[3] The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy: cf. *Rosenblum v. Rosenblum*, 320 Pa. 103, 181 A. 583.

There is much testimony concerning agents and employes of the A. & P. on the one hand and the plaintiff on the other but nothing that can be regarded as full, clear and satisfactory evidence of a conspiracy to breach its contract with plaintiff. On the contrary, the evidence is clear that the A. & P.'s operating expense would be greatly increased, as in fact it was, by severing hauling relations with plaintiff and other non-union truckers. The written contract contained a clause reserving to each party the right to cancel on 10 days' notice. In

---

[2] The record before us contains more than 3500 pages of typewritten matter.

[3] *Morris v. Halford*, 352 Pa. 138, 42 A. 2d 411; *Novic v. Fenics*, 337 Pa. 529, 11 A. 2d 871; *Rosenblum v. Rosenblum*, 320 Pa. 103, 181 A. 583; *Ballantine v. Cummings*, 220 Pa. 621, 70 A. 546; *Kaiser v. Ins. Co. of North America*, 274 Pa. 239, 243, 117 A. 791; *Com. v. Benz*, 318 Pa. 465, 178 A. 390; *Com. v. Bardolph*, 326 Pa. 513, 525, 192 A. 916; *Pollock v. Lowry*, 198 Pa. 117, 47 A. 1117.

the circumstances shown in the record it is idle to suggest that a jury would find or be permitted to find that this defendant would conspire to destroy the contract when ten days' notice would accomplish the result.

With respect to Appeal No. 144, from judgment in favor of union No. 249, and the Appeals Nos. 148, 149 and 150, from judgment in favor of Mason, Marshall and Rosenthal, officers of the union, the elements of the question for consideration are somewhat different from those presented in the case against the A. & P. In dealing with the evidence said to support the charges against the union and the three officers it is necessary to consider section 8 of the Act of June 2, 1937, P. L. 1198, 1202, 43 PS 206 h.[4] With respect to Appeal No. 146 from the refusal to take off the nonsuit entered on the motion of the executrix of Joseph Kenny, plaintiff encountered an additional difficulty; Kenny's death closed plaintiff's mouth. As to these four appeals, we also agree that the evidence does not measure up to what the rule requires. We realize from our consideration of the evidence and from what is said in the elaborate briefs of argument, that in presenting a case like this there was, and probably always will be, difficulty in supplying the measure of proof required by the law, but we may not for that reason relax the settled rule. We therefore adopt the opinion written by Judge RICHARDSON; we may add that while the members of the learned court below were not unanimous with respect to Mason,

---

[4] "No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute as herein defined, shall be held responsible or liable in any civil action at law or suit in equity or in any criminal prosecution for the unlawful acts of individual officers, members or agents, except upon proof beyond a reasonable doubt in criminal cases, and by the weight of evidence in other cases, and without the aid of any presumptions of law or fact, both of—(a) the doing of such acts by persons who are officers, members or agents of any such association or organization; and (b) actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof by such association or organization."

Marshall and Rosenthal, we all agree that in the case of each appeal the judgment appealed from must be affirmed.

Affirmed.