## Commonwealth v. Anderson

*Bernard E. DiJoseph*, District Attorney, for Commonwealth.

*Leon H. Fox, Jr.*, for defendants.

GERBER, J., May 15, 1958. — Defendants were charged with unlawfully conspiring to cheat and defraud one Richard Cameron in violation of the Act of June 24, 1939, P. L. 872, sec. 302, 18 PS §4302. At the

trial of the case neither defendant took the stand nor did either present other evidence on his own behalf. At the conclusion of the Commonwealth's case, both defendants demurred to the Commonwealth's evidence. Both demurrers were overruled. Defendants then requested the court to direct the jury to return a verdict of not guilty. The court refused to do so. The jury was then properly charged and it retired. After deliberation it was unable to agree on a verdict and was dismissed by the court. Defendants then filed a motion in arrest of judgment, praying that they be discharged and that their case be dismissed, reciting as grounds, (1) error committed by the court in refusing to sustain their demurrer, (2) error in refusing to direct a verdict for the defendants and (3) in addition that the evidence was insufficient to sustain the charges. Technically a motion in arrest of judgment was improper insofar as the jury did not render a verdict against defendants. The court, however, will treat the motion as a motion for discharge as provided for by relatively new legislation, the Act of May 17, 1957, P. L. 149, sec. 1, 19 PS §870. That act states:

"In all criminal prosecutions in this Commonwealth in which the jury is dismissed or discharged by the Court without reaching a verdict recorded by the court on motion of the defendant that the evidence is insufficient to sustain the charge, the court shall discharge the defendant and dismiss the case if it decides that there is not sufficient evidence to sustain a conviction."

The sufficiency of the evidence to sustain a conviction in this case must be tested on the Commonwealth's evidence and examined for every reasonable inference of guilt it may contain: Commonwealth v. Wright, 383 Pa. 532 (1956). However, proof of the conspiracy must be made by full, clear and satisfactory evidence. Mere suspicion or the possibility of guilty connection is not sufficient to establish a conspiracy, nor proof of acts which are equally consistent with innocence: Fife

v. Great Atlantic & Pacific Tea Co., 356 Pa. 265 (1947), certiorari denied 332 U. S. 778 (1943).

The Commonwealth's evidence reveals that defendants solicited from Richard Cameron, an aged gentleman of 87 years, a job of repairing the chimney of his home in Eagleville. They quoted him a price of $50 and he authorized them to do the work. Ten days later defendants returned to the premises and began the job. After completing the work on the chimney, they did repair work on the roof of Mr. Cameron's house without either asking or receiving authorization from him to do so. While in the process of doing the additional repairs, Mr. Cameron told them to stop. They did and presented him a bill for $169. They worked on the roof for at least approximately four hours. There was testimony that one of defendants, who wore a white shirt while working, never soiled it in the process. Also, his hands appeared unlike those which had been working on a roof for four hours. The other defendant had on working clothes but his hands were clean. Mr. Cameron agreed to pay the sum of $169 and was accompanied by defendants to his bank in Norristown to withdraw that sum. Mr. Cameron withdrew the money from the bank and returned to the premises together with defendants, never having turned the money over to either of them. When they arrived at Mr. Cameron's home, the police were there waiting to arrest defendants. Mr. Cameron recited the events that took place, substantially as they have been recited above. Defendants remained silent and it is contended that their failure to defend the price they charged is an admission of guilt. Mr. Asko, a witness for the Commonwealth, stated that he was in the roofing business for 40 years and also testified that he would have charged $15 to $20 for the chimney repair job. However, he based his conclusion from what he saw on the ground. He had never climbed to the roof to examine either the chimney or the roof itself.

There is no testimony of the materials defendants employed in their work except that which Mr. Asko assumed was required for the job.

It is possible to infer from these facts that defendants were mere volunteers in doing the additional work and were taking pot luck on being compensated for it. That they may have agreed to ask for more than the fair market value of the work is not in itself a crime. There is no real evidence of what was in fact done or that the price was not in fact a reasonable one. There was, however, evidence that some things were done to the roof, needed or unneeded.

Had there been evidence of a general scheme on the part of defendants to first overcharge for an agreed upon job and then overcharges for work which they then do without authorization, or deliberately destroy property so that they can repair; and or that they always choose as customers inexperienced or aged persons likely to be deceived by such tactics, the testimony in this case together with such evidence that defendants had followed the same pattern previously or subsequently would most likely sustain a conviction. Such evidence would more clearly show a criminal intent and corrupt motive. Cf. Commonwealth v. Bonnem, 95 Pa. Superior Ct. 496 (1928), and Commonwealth v. Pugliese, 44 Pa. Superior Ct. 361 (1910); also Commonwealth v. Slome, 147 Pa. Superior Ct. 449 (1941). One accused of conspiracy is entitled to an acquittal if unlawful collusion is not the only reasonable interpretation of which the facts concerning them are susceptible.

And now, to wit, May 15, 1958, it is ordered, adjudged and decreed that Raymond Francis Carson and Albert Lawrence Anderson, defendants in the above captioned case, be and are hereby discharged and the case of the Commonwealth against each of aforesaid defendants is dismissed. Costs to be paid by the county.