**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1461
_____

TED A. MCCRACKEN; GORETTI S. MCCRACKEN,

Appellants

v.

R.J. REYNOLDS TOBACCO; DEBRA CREW, President/Chief Executive Officer, R.J.
Reynolds Tobacco Company, Successor; ITG BRANDS, LLC.; DAVID H. TAYLOR,
President/Chief Executive Officer, ITG Brands, LLC., Successor; REPUBLIC
TOBACCO, INC.; DONALD LEVIN, President/Chief Executive Officer, Republic
Tobacco Inc., Successor

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:17-cv-04495)
District Judge: Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2020
Before: AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Ted A. McCracken appeals the District Court's dismissal of some of his claims and the grant of summary judgment for defendants on his remaining claims.[1]  For the reasons that follow, we will affirm the District Court's judgment.

I.

McCracken began smoking cigarettes in 1966, when he was 13 years old.  He smoked a pack a day from then on until 2015, when he reduced his smoking to half a pack a day.  He mostly smoked Kool cigarettes and preferred tobacco products manufactured by R.J. Reynolds Tobacco Company, ITG Brands, LLC, and Republic Tobacco, L.P.  McCracken also smoked cigarettes, cigars, pipe tobacco, and non-menthol cigarettes manufactured by other companies over the years.  McCracken was exposed to asbestos at work for several years in the 1970s.  In 2015, McCracken was diagnosed with chronic obstructive pulmonary disease ("COPD"), emphysema, and chronic bronchitis.

Growing up, McCracken's parents and brother advised him to stop smoking because it was not good for him.  His wife and his doctors have also advised him to stop smoking for health reasons.  McCracken testified at a deposition that he has seen numerous health warnings on cigarette packs since he began smoking but never paid much attention to them.  He also stated that he can stop smoking and has stopped

---

[1]  In federal courts, parties may only proceed pro se or through counsel.  See 28 U.S.C. § 1654.  Pro se appellants are not permitted to represent any other litigant on appeal.  See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).  Given that appellant Goretti S. McCracken did not sign the brief submitted by Ted A. McCracken and did not submit any other filings on her own behalf, this appeal is dismissed as to appellant Goretti S. McCracken.

smoking for periods of time in the past but that he was not motivated to try to stop until he received his diagnoses in 2015.

In 2017, McCracken initiated an action in the District Court, alleging that he became addicted to tobacco products due to the addition of ammoniated ingredients and excessive nicotine in those products. He named Reynolds, ITG, and Republic as defendants, as well as three officers of those companies, claiming that they designed tobacco products to ensure that he would become addicted to them.

Defendants moved to dismiss the majority of McCracken's claims. The District Court dismissed all individual defendants for lack of personal jurisdiction and dismissed most of McCracken's remaining design defect and failure to warn claims, as well as a variety of fraud, unfair trade practice, and consumer protection claims. McCracken amended his complaint, adding a claim of intentional infliction of emotional distress, and his remaining claims — 1) design defect claims that all remaining defendants added excessive nicotine to their products to increase addiction; 2) design defect claims that Republic failed to include product information data sheets, stop smoking markings, and accurate ingredient lists in its tobacco products; 3) a failure to warn claim against Republic since 1966; and 4) a failure to warn claim for the years 1966-1969 against ITG — proceeded to discovery.

All remaining parties filed motions for summary judgment. In support of their motion, defendants presented evidence from various experts, including a report from a

3

doctor who opined that McCracken was not addicted to nicotine, after the doctor conducted an examination and reviewed McCracken's medical records and deposition testimony.[2]  Another expert provided a report on the widespread availability of information regarding the health risks of using tobacco products since the time McCracken began smoking.

The District Court ultimately granted summary judgment for defendants and denied summary judgment for McCracken.  McCracken timely appealed.[3]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We "review a district court's decision that it possesses or lacks personal jurisdiction de novo." Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 176 (3d Cir. 2006).  We also exercise plenary review over the District Court's dismissal and summary judgment decisions.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).  Dismissal is appropriate "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack

---

[2]  In his brief, McCracken challenges the opinion of this medical expert because he insists that no physical examination was completed.  However, the record reflects that this expert completed a physical examination of McCracken after several court orders were required to assure McCracken's attendance.

[3]  The District Court's rulings on McCracken's subsequent post-judgment motions are not within the scope of this appeal.  McCracken's appeal from one of those rulings is pending at C.A. No. 20-1735 and will be resolved separately.

facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the record evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

First, the District Court properly dismissed many of McCracken's claims early in the litigation.[4] The District Court correctly concluded that it lacked personal jurisdiction over the three individual defendants named by McCracken, where he alleged no personal contacts with Pennsylvania to establish either general or specific jurisdiction over them. See Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). The District Court also correctly concluded that McCracken failed to identify or rely on any legal basis for recovery for allegations he presented that defendants unfairly targeted minors.

Next, McCracken could not bring state law claims against Reynolds or ITG for failing to warn him about the dangers of using their tobacco products after 1969, as

---

[4] McCracken does not address the dismissal of several of his claims in his appellate brief. Accordingly, any challenge to the dismissal of those claims is deemed waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

5

preempted by the Public Health Cigarette Smoking Act of 1969.[5]  See Cipollone v.

Liggett Grp., Inc., 505 U.S. 504, 520-21 (1992).  McCracken's fraudulent

misrepresentation claims were properly dismissed because he never identified an

allegedly false utterance of a representation made by any defendant.  See Petruska v.

Gannon Univ., 462 F.3d 294, 310 (3d Cir. 2006).  McCracken also could not state a

fraudulent concealment claim because he has never identified a relationship between the

parties that gave rise to a duty to speak.  See Duquesne Light Co. v. Westinghouse Elec.

Corp., 66 F.3d 604, 611 (3d Cir. 1995).  McCracken could not allege a civil conspiracy

claim between defendants based on his vague allegations where he failed to state an

underlying intentional tort claim.  See Fife v. Great Atl. & Pac. Tea Co., 52 A.2d 24, 39

(Pa. 1947).  Further, the District Court correctly dismissed the majority of McCracken's

design defect claims against Reynolds and ITG because "Pennsylvania courts have

refused to recognize causes of action for products which are legal and not defectively

manufactured, but inherently dangerous, except in those cases in which there has been a

failure to warn of the dangerous qualities thereof."  Hite v. R.J. Reynolds Tobacco Co.,

578 A.2d 417, 420 (Pa. Super. Ct. 1990).

 The District Court properly granted summary judgment for defendants, and

---

[5]  Because McCracken alleged that he began using Reynolds tobacco products after 1969, all of his failure to warn claims against Reynolds are preempted.

properly denied McCracken's summary judgment motion, on his remaining claims.[6]  As

explained by the District Court, McCracken cannot establish the requisite causation for

his design defect claims, under either a strict liability or negligence theory.  See Barnish

v. KWI Bldg. Co., 980 A.2d 535, 541 (Pa. 2009); Phillips v. Cricket Lighters, 841 A.2d

1000, 1008 (Pa. 2003).  Although his medical records indicate that his decades of heavy

smoking — paired with his years of asbestos exposure — are connected to his

emphysema, chronic bronchitis, and COPD diagnoses, McCracken has not presented

evidence that the design defects he has identified caused his injuries.[7]

McCracken also cannot establish the requisite causation for his failure to warn

claims.  See Phillips v. A-Best Prods. Co., 665 A.2d 1167, 1171 (Pa. 1995) ("For the

plaintiff in a failure-to-warn claim to establish . . . causation, the plaintiff must

---

[6]  The District Court appears to have inadvertently mislabeled which of McCracken's claims it was addressing at the beginning of its summary judgment opinion, as a later decision clarifying this issue — which is not on review in this appeal — makes clear that the Court intended to address all of McCracken's remaining failure to warn and design defect claims.  Accordingly, we address all of McCracken's claims that proceeded to discovery here.

[7]  To the extent that McCracken mentions collateral estoppel in his appellate brief without addressing the Court's reasoning on that issue, we conclude that the District Court did not abuse its discretion in refusing to apply nonmutual offensive collateral estoppel to McCracken's design defect claims against Reynolds and ITG.  See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) ("[T]rial courts . . . have broad discretion to determine when to apply non-mutual offensive collateral estoppel.").  It properly determined that McCracken failed to meet one of the four required factors, see id., and did not err in concluding that it "would be unfair," regardless, to apply nonmutual offensive collateral estoppel under the specific circumstances of this case, see Parklane Hosiery Co. v. Shore, 439 U.S. 322, 330-31 (1979).

demonstrate that the user of the product would have avoided the risk had he or she been warned of it by the seller."). McCracken testified at a deposition that he saw various health warning labels on cigarette containers throughout his decades of smoking, but he did not pay much attention to them. He also testified that his parents and brother told him to stop smoking once he had started, out of concern for his health, but he did not heed their warnings. McCracken's doctors advised him to quit smoking, but he continued to smoke. Defendants also presented expert testimony about the various ways that the public was aware of the dangers of smoking by 1966. There is no record evidence to support a reasonable inference that the existence of additional warnings would have deterred McCracken from smoking. Pavlik v. Lane Ltd./Tobacco Exps. Int'l, 135 F.3d 876, 881 (3d Cir. 1998) ("To reach a jury on a failure to warn theory of liability, the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning might have prevented the injury.").

Finally, defendants were entitled to summary judgment on McCracken's claim of intentional infliction of emotional distress because the record contained no evidence, let alone "competent medical evidence," to support McCracken's unsubstantiated allegations of emotional distress.[8] Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 995 (Pa.

---

[8] We also conclude that the District Court did not abuse its discretion in the two discovery-related decisions challenged by McCracken on appeal. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1032 (3d Cir. 1997). Similarly, we can discern no error or bias from its decisions denying three requests for extensions of time to file responses, from some of the lengths of time provided when extensions were

1987) ("[E]xistence of the alleged emotional distress must be supported by competent medical evidence.").

Accordingly, we will affirm the judgment of the District Court.

---

granted, or from the early denial of McCracken's request to file documents electronically, which was later granted.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.") (internal quotation marks and citation omitted).